26261. ATLANTIC ICE AND COAL CORPORATION *et al.*
*v.* NEWLIN.

Decided September 23, 1937.

R. R. *Marlin, S. B. Lippitt,* for plaintiff in error.

J. A. *Branch, M. C. Edwards, Tom Edwards,* contra.

SUTTON, J. Mrs. Daisy Willcox McClain, now Mrs. Newlin, filed suit against Mrs. P. E. Chandler and Atlantic Ice and Coal Corporation, to recover damages for injuries sustained while riding in an automobile of the corporation, which was being driven by Mrs. Chandler, it being alleged that at the time she was acting in the scope of her employment as manager of the Dawson, Georgia, office of the corporation, and that the automobile was being driven under instructions of the corporation's division manager, who sent Mrs. Chandler to transact certain business for the corporation, which the plaintiff also sought to hold liable under the doctrine of respondeat superior. The defendants denied that Mrs. Chandler was guilty of any negligence, especially gross negligence, and further denied that the corporation was liable for any negligence of Mrs. Chandler, who was by them alleged to have been on a personal mission. By amendment Mrs. Chandler admitted that the trip was made on business for the corporation, and that she acted under the instructions of the division manager, P. E. Chandler, her husband, who requested the plaintiff to accompany her. The jury returned a verdict against both defendants. The defendants filed a motion for new trial on the general grounds, and by amendment added several special grounds which will be referred to in this opinion. The exception is to the overruling of the motion.

■ From a careful examination of the entire evidence we are of the opinion that the jury was authorized to return a verdict in favor of the plaintiff against both defendants. It appeared without contradiction that Mrs. P. E. Chandler, with whom the plaintiff was riding as a gratuitous guest on the occasion of her injuries, was at the time on business for the corporation under instructions of her superior, its divisional manager, the object of the trip being to check certain inventories and to sell some hams for the corporation. It further appeared that the division manager had authority to so instruct Mrs. Chandler, and also to invite third persons to accompany Mrs. Chandler on such occasions. "One riding by invitation and gratuitously in another's

automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297) ; *Harris* v. *Reed,* 30 *Ga. App.* 187 (117 S. E. 256) ; *Peavey* v. *Peavey,* 36 *Ga. App.* 202 (136 S. E. 96) ; *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388). Questions of negligence and diligence, even of gross negligence and slight diligence, being questions of fact and not of law, are as a rule to be determined by the jury. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776, 779 (157 S. E. 215) ; *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894) ; *Frye* v. *Pyron,* 51 *Ga. App.* 613 (181 S. E. 142). "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence." Code, § 105-203; *Frye* v. *Pyron,* supra.

If, in the present case, Mrs. Chandler, the driver of the automobile on business for the corporation, her employer, was grossly negligent, and the plaintiff was injured thereby and was unable to avoid the consequences of such negligence, she would be entitled to recover not only against Mrs. Chandler but against the corporation as well. On the question of gross negligence the evidence shows that at the time of the collision between the car driven by her and that driven by an army officer, at which time the plaintiff sustained injuries, the only eye-witnesses besides the plaintiff and Mrs. Chandler were three occupants of a car which was following the officer's car at a distance of about two hundred and fifty feet. They testified that after rounding a curve they observed the approach of Mrs. Chandler's car as it came over a hill; that when first seen she was driving her car on her right-hand side of the road, but that she turned to the left so that part of her car was over the middle of the road. At what point she began to turn her automobile the evidence varies, one or two testifying that it was about one thousand to fifteen hundred yards before the collision, and another testifying that it was about one hundred to three hundred yards distant. All testified that the officer's car was well on his side of the road at all times, and that after the impact Mrs. Chandler's car was partly on that side at

an angle. One testified that it appeared that she deliberately ran into the other car. Witnesses who came upon the scene shortly after the collision testified to the same effect as to the position of the cars. The officer testified: "On the occasion referred to I was going away from Dawson, Georgia, toward Columbus, Georgia. I had left Dawson, driving towards Columbus, just after dark, about 7:45 p. m., July 27, 1934, and had turned on my lights when, a short distance out of Dawson, about three miles I should judge, a car overtook me from the rear. I pulled over to the right of the road to allow it to pass. When it was abreast my car the headlights of an approaching car appeared in front. The car that was attempting to pass me dropped back behind. I dimmed my headlights, pulled over farther to the right, and when the approaching car was very near to mine it cut across the road to the left suddenly, striking the left front of my car. The car being operated by Mrs. Chandler was going in the direction of Dawson. Its speed I should judge to be approximately forty miles an hour. The collision occurred about eight o'clock p. m. on July 27, 1934. Just before and at the time of the collision the headlights on the car being operated by myself, as well as the car being operated by Mrs. Chandler, were both lighted. I was driving at approximately twenty miles an hour, having just slowed down to allow a car to overtake me, as aforementioned. At the time of the impact the car being operated by myself was well to the right-hand side of the road; so much so, in fact, that immediately after the impact when I looked the right tires of my car were off the pavement to the right. Both cars after the impact were sufficiently on my right-hand side of the road that all traffic passed on the left-hand side of the wrecked cars, and at the time of the impact the car being operated by Mrs. Chandler had crossed to my side of the road." The witnesses heretofore mentioned testified that their car and that of the officer were traveling about thirty-five to forty miles an hour before the impact, their car being about two hundred and fifty to three hundred feet behind his, and that the car of Mrs. Chandler was proceeding at about the same speed.

The plaintiff testified that shortly before the collision she observed four headlights of approaching cars but was unable to state whether or not Mrs. Chandler's car left the right-hand side of the

road, that she had full confidence in her driving and had not noticed the path she was taking, and that they were traveling at about forty to fifty miles an hour and were late. Mrs. Chandler claimed that she did not leave her side of the road, and that the collision took place on her side of the road. She did not state that anything momentarily distracted her attention or created any emergency which caused her to be inattentive. She testified that she was blinded by the lights of the approaching cars and conversed with the plaintiff on that subject, but did not state that such effect caused her to deviate in the slightest from her side of the road. The plaintiff thereafter testified that the conversation did not occur at the time stated by Mrs. Chandler, but took place when approaching another car farther back up the road; whereupon Mrs. Chandler again took the stand and renewed her declarations on that subject. The defendants introduced in evidence a letter written by the division manager to the corporation, in which letter he reported that Mrs. Chandler was on a personal trip at the time of the collision, and that the responsibility of furnishing the car under such circumstances should rest on him. However, by deposition he testified that such a report was an untruth; that in fact he had sent Mrs. Chandler on business for the corporation, and had himself urged the plaintiff to accompany her; that the purpose of shouldering the blame was because he thought that a verdict against him would be less than one against his employer; and that since writing the letter his connection with the corporation had terminated.

In this case, where several witnesses testified that a part of Mrs. Chandler's car entered the wrong side of the road at a distance of from one hundred yards to fifteen yards from the point of the collision and continued along such path, and where the officer testified that "I dimmed my headlights, pulled over farther to the right, and when the approaching car was very near to mine it cut across the road to the left suddenly, striking the left front of my car," the jury was authorized to find that the act of Mrs. Chandler amounted to gross negligence. It is argued by the plaintiffs in error that the officer's characterization of "very near" did not fix a point at which the turning of Mrs. Chandler's car would constitute gross negligence. That term by itself is admittedly indefinite, and its import is to be determined by all of the existing

facts and circumstances. However, when such characterization is augmented by the further statement that the car of Mrs. Chandler, while "very near," cut across the road suddenly, striking the officer's car, the facts and circumstances are such as to sufficiently inform the jury that it was so near, at such a distance, as to constitute the act of Mrs. Chandler gross negligence. At the rate her car was traveling, forty or fifty miles an hour, as testified by the plaintiff, it would proceed not less than sixty feet in one second; and if it struck the other car in the cycle of turning, as one operation, which the testimony of the officer may reasonably be taken to mean, it could not have been so far away, when the sudden turn was made, as to prevent the act of Mrs. Chandler from appropriately being termed gross negligence by the jury. Under the evidence the jury was authorized to find that the plaintiff, at the time of her injuries, was riding as a gratuitous guest in an automobile of the defendant corporation, being driven by one of its employees on business for the corporation, and that the driver of the car was grossly negligent in running into the car of the officer and causing the injuries to the plaintiff, the consequences of which gross negligence the plaintiff was unable to avoid by the exercise of ordinary care.

■ One ground of the motion for new trial complains that the court erred in permitting the officer to testify, over objection, that "when the approaching car was very near to mine it cut across the road to the left suddenly," it being contended that the expression "very near" constituted only an opinion and conclusion of the witness. Assuming that such words are vague and indefinite and amount to only a conclusion, the objection was not limited thereto but went to the full statement, which also included testimony clearly admissible, namely, that the car cut across the road to the left suddenly. In such a case it was not error for the court to refuse to exclude the entire statement. *L. & N. R. Co.* v. *McHan,* 144 *Ga.* 683 (2) (87 S. E. 889); *Edenfield* v. *Brinson,* 149 *Ga.* 377 (5); *Central Railway Co.* v. *Buller Marble Co.,* 8 *Ga. App.* 1 (8), 9 (68 S. E. 775); *Grier* v. *State,* 43 *Ga. App.* 348, 349 (2) (158 S. E. 634). Furthermore, as shown in the first division of this opinion, the words "very near," when taken in connection with the rest of the sentence, sufficiently

informed the jury of circumstances definite enough for them to pass upon the question of gross negligence.

Another ground complained that the court erred in charging the jury that "the plaintiff has filed her suit in this court against the defendants, the same being a suit for damages, and in her petition she sets up and contends that she has been damaged or injured in the sum of twenty-five thousand dollars. She contends that she was riding in the automobile of Mrs. P. E. Chandler at the instance of P. E. Chandler, who was the general agent and employee, and also that Mrs. P. E. Chandler was an employee of the defendant, Atlantic Ice and Coal Company; that she was an invited guest in that car, and Mrs. P. E. Chandler was operating that car and on a trip, on a mission of her business, and while riding in that car they had a collision with another car, and the defendant negligently ran into another automobile, which caused her serious injury;" it being contended that it was argumentative, confusing, and misleading to the jury for the following reasons: It is urged that by referring to P. E. Chandler as "general agent" the effect was to enlarge his powers. Whether he was a general agent or divisional manager, the petition alleged that he had the authority to send, and did send, Mrs. Chandler on the particular trip on business for the corporation. Under the circumstances the court's reference to Chandler as a "general agent" did not harm the defendants. Furthermore, the proof showed that he did have such authority and exercised it in the particular instance. It is also urged that the statement that the plaintiff "was riding in the automobile of Mrs. Chandler" tended to confuse the jury. The court also stated that the plaintiff contended that Mrs. Chandler was an employee of the corporation, and in another portion of the charge informed the jury that they would have out with them the pleadings to which they could refer for the actual contentions and issues in the case, and in still another portion of the charge made it clear that the car, though driven by Mrs. Chandler as an employee, was the property of the corporation, it being stated that "if you should find from the evidence that the plaintiff was riding by invitation and gratuitously in the *automobile of the defendant,*" etc. (Italics ours.) Furthermore, the court charged that the corporation would not be liable unless Mrs. Chandler was acting in the course and scope of her employ-

ment. If, in the alleged confusion, which could not reasonably be said to have been caused, the jury received the impression that she was driving her own car, and not on business for the corporation, it would have helped rather than have harmed the corporation. It is also urged that the use of the words "on a mission of her business" was confusing. In connection with other portions of the charge it could hardly be said that the jury understood otherwise than thereby it was meant to state that the contention of the plaintiff was that Mrs. Chandler was on a mission of her business as an employee of the corporation and acting in the course of and scope of her employment.

Another ground complains that the court, after charging the jury that they could return a verdict against both defendants, provided the plaintiff carried the burden of proof, withdrew such charge from the jury, but in attempting to correct the charge did not in express terms inform the jury that the plaintiff could recover against Mrs. Chandler and not against the corporation. The court, in its recharge, stated that the jury would not be authorized to find against the corporation without also finding against Mrs. Chandler, charged the law as to the liability of the master for the acts of its servants in the course of and scope of their employment, and then gave the jury different forms of verdicts, one of them being a form to be used in case they found against Mrs. Chandler alone. We fail to see wherein either of the defendants was harmed. From what has been said it follows that the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*