WILDER *v.* THE STATE.

No. 13971.   January 15, 1942.

*Pope & Hall, J. Wade Johnson,* and *Jackson & Darby,* for plaintiff in error.

338

*Ellis G. Arnall, attorney-general, W. H. Lanier, solicitor-general, and E. J. Clower, assistant attorney-general,* contra.

GRICE, Justice. ■ The soundness of the following propositions has been established by the former decisions of this court. In this State the duty rests upon the trial judge, in passing on a motion for new trial, to exercise his discretion in granting or refusing the motion. Unless when such a motion is presented he approves the verdict, he should grant a new trial. If in ruling thereon his order, without more, recites that the new trial is refused or denied, this will be taken to mean that he has in the exercise of his discretion approved the verdict. If in the order refusing to grant a new trial, properly construed, it appears that in disposing of the motion, he has not exercised that discretion that the law makes it his duty then and there to exercise, or if it is thus made to appear that he does not approve the verdict, his judgment overruling the motion will be reversed, unless the verdict was demanded by the evidence; and this is true even though the failure of the judge to exercise his discretion was not made the subject of a special exception. *Rogers v. State,* 101 *Ga.* 561 (28 S. E. 978) ; *Central of Georgia Railway Co.* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949) ; *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912) ; *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606) ; *Livingston* v. *Taylor,* 132 *Ga.* 1, 10 (63 S. E. 694) ; *Mills* v. *State,* 188 *Ga.* 616 (4 S. E. 2d, 453). See *Walters* v. *State,* 6 *Ga. App.* 565 (65 S. E. 357) ; *Cotton States Seed &c. Co.* v. *Macon &c. Co.,* 23 *Ga. App.* 206 (98 S. E. 108) ; *Scribner* v. *Adams,* 36 *Ga. App.* 754 (138 S. E. 264) ; *Merritt* v. *State,* 190 *Ga.* 81, 87 (8 S. E. 2d, 386). The insistence is pressed upon us that the record shows that the judge in denying the motion for new trial did not exercise his discretion, and that he did not approve the finding of the jury. The verdict was not demanded by the evidence. Whether or not the conclusion sought to be drawn by counsel will result in a reversal is to be determined by the meaning to be given to the use of the language employed by the judge in his judgment denying the new trial. So far as is pertinent to the issue here presented, that judgment reads as follows: "Under our jurisprudence, jurors are the sole and exclusive judges of the weight and credit to be given testimony. Certainly it must be admitted that if the jury believed it, and they evidently did, there is ample evi-

dence in the record to authorize the verdict. The court does not feel inclined to set this verdict aside. There being no error of law, and the verdict being supported by the evidence, the motion is overruled, and a new trial refused."

There is nothing here to indicate that the judge considered the evidence as weak, unsatisfactory, and doubtful, and that he was not entirely satisfied with the verdict, as in *Rogers* v. *State,* supra; nor is the order overruling the motion susceptible of the construction that the verdict did not meet his approval, as this court interpreted the order in *Central of Georgia Railway Co.* v. *Harden,* supra. In the instant case the order did not recite that in the opinion of the judge the verdict was against the weight of the evidence, and one that he would not have agreed to had he been on the jury, and that it was against the decided preponderance of the testimony; but that, since there was evidence sufficient to support the verdict, for him to set it aside would be an usurpation of the powers of the jury, as in *Thompson* v. *Warren,* supra. The order in *McIntyre* v. *McIntyre,* supra, contained language similar to that in *Thompson* v. *Warren.* In *Livingston* v. *Taylor,* supra, the order said: "and there being evidence to support the verdict, the court does not feel authorized to set the verdict aside." This court construed the language used as an expression on the part of the judge that he had no authority to set aside the verdict if there was evidence to support it. There is no language in the order now under review to justify the belief that the judge was under any such impression. For aught that appears, he had kept in mind the fact that under our system of jurisprudence the trial judge has the power of supervision over verdicts after they have been rendered when a motion for new trial is before him, as pointed out in *Central of Ga. Ry. Co.* v. *Harden,* supra, and that the law imposes on him the duty of exercising his discretion in all such cases. His language, "The court does not feel inclined to set this verdict aside," follows immediately the statement that "there is ample evidence in the record to authorize the verdict," and can not under these circumstances be given a meaning similar to that of the expression "reluctantly" in the *Harden* case, supra. That, as recited, "jurors are the sole and exclusive judges of the weight and credit to be given testimony," is not to be doubted. *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763-765 (129 S. E. 65), and cit. This is

340

not the equivalent of a statement that their judgment on the facts can not and ought not to be reviewed, and for him to disturb their finding would be a usurpation of their powers. It was well said in *Walters* v. *State*, supra, that in passing upon a motion for new trial the finding of the jury "may be and for the most part should be highly persuasive upon him." We see nothing in the language of the order complained of to indicate that the judge did more than to recognize that it was the primary duty of the jurors to reconcile conflicts in the testimony and to arrive at the truth of the facts. Indeed his statement that there was ample evidence to authorize the verdict is consistent with the theory that in passing on the motion he not only reviewed the evidence, but upon such review approved the finding of the jury, a conclusion which, as shown by some of the authorities first above cited, is always presumed by an order denying the motion, unless the contrary appears from the record. Nothing to the contrary is here disclosed.

■ The evidence, although conflicting, being sufficient to support the verdict, and the same being approved by the trial judge, the judgment overruling the motion, based only on the ground that the verdict was contrary to the evidence, will be

*Affirmed. All the Justices concur.*