### 29652. MOORE *v.* SHIRLEY.

SUTTON, J. 1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256); *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96); *Lee* v. *Lott,* 50 *Ga. App.* 39, 42 (177 S. E. 92); *Atlantic Ice & Coal Cor.* v. *Newlin,* 56 *Ga. App.* 428 (192 S. E. 915).

2. Gross neglect is the want of "that care which every man of common sense, howsoever inattentive he may be, takes of his own property." Code, § 105-203. "While this and the preceding sections define the different degrees of diligence and negligence in terms of property, the rules thus codified have been 'recognized as extending with equal force to diligence to prevent injury to the person.' *Alabama Midland Ry. Co.* v. *Guilford,* 119 *Ga.* 523, 525 (46 S. E. 655, 656)." *Harris* v. *Reid,* supra; *Frye* v. *Pyron,* 51 *Ga. App.* 613 (2) (181 S. E. 142); *Capers* v. *Martin,* 54 *Ga. App.* 555 (2) (188 S. E. 465).

3. "Questions of negligence and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury," which the court can not determine as a matter of law except in plain and indisputable cases. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776, 779 (157

S. E. 215) ; *Rowe* v. *Camp*, 45 *Ga. App.* 794 (165 S. E. 894) ; *Capers* v. *Martin*, supra.

4. Under the allegations of the petition the questions as to whether the alleged negligence of the defendant, with whom the plaintiff was riding as a gratuitous guest, or that of a third person, with whose car the defendant's car collided at night on a public highway, was the proximate cause of the plaintiff's injury, and whether, if the alleged negligence of the defendant was the proximate cause of such injury, the negligence was the failure of the defendant to exercise even slight care, amounting to gross negligence, were properly for the determination of the jury. Under the authorities above cited, the petition set forth a cause of action, and the court did not err in overruling the defendant's general demurrer.

*Judgment affirmed.* *Stephens, P. J., concurs.* *Felton, J., dissents.*

DECIDED SEPTEMBER 24, 1942.

42

*Hooper, Hooper & Miller,* for plaintiff in error.
*William E. Watkins, Benjamin B. Garland,* contra.