35803. JOHNSON *v.* NATIONAL LIFE & ACCIDENT INSURANCE CO.

DECIDED OCTOBER 19, 1955.

*Burt & Burt, H. P. Burt,* for plaintiff in error.
*Farkas, Landau & Davis,* contra.

QUILLIAN, J. ■ Where an insurance policy provides for double indemnity for accidents, caused solely through external, violent, and accidental means, the burden is upon the plaintiff to show that in the act which preceded the injury alleged to have been sustained by the insured, something unforeseen, unexpected, or unusual occurred. "In other words, the act which preceded the injury itself must have been an accident." *Continental Casualty Company* v. *Rucker,* 50 *Ga. App.* 694, 696 (179 S. E. 269).

There is a very definite distinction between "accidental injuries" and "injuries resulting from accidental means." Where an injury is unexpected but arises from a voluntary action it is an "accidental injury," but for an injury to result from accidental means, it must be the unexpected result of an unforeseen or unexpected act which was involuntarily and unintentionally done. *Cobb* v. *Preferred Mutual Accident Assn. of N. Y.,* 96 *Ga.* 818

(22 S. E. 976); *Fulton* v. *Metropolitan Casualty Insurance Co.,* 19 *Ga. App.* 127 (91 S. E. 228); *Johnson* v. *Aetna Life Insurance Co.,* 24 *Ga. App.* 431, 433 (101 S. E. 134); *Continental Casualty Co.* v. *Pittman,* 145 *Ga.* 641 (89 S. E. 716); Westmoreland *v.* Preferred Accident Insurance Co., 75 Fed. 244; *Atlanta Accident Assn.* v. *Alexander,* 104 *Ga.* 709 (30 S. E. 939, 42 L. R. A. 188).

The petition alleges that the insured was given an injection of 600,000 units of penicillin and died as a result. The injection was the act which preceded the injury, and it was intentionally done by the consent of the insured. This injection was not an unforeseen, unexpected, unusual, or unintentional act; therefore, the injury did not result from accidental means within the terms of the insurance policies. The trial court did not err in sustaining the general demurrer as to those policies which required that death be the result of accidental means.

■ The two remaining accident policies, Nos. W13682354 and W16022188, provided benefits for the death of the insured resulting directly from bodily injury which was effected accidentally and through external and violent means. The defendant contends that the deceased's death was caused by a physical impairment which would bring the cause of death within one of the exceptions of the policy. The petition alleged that the deceased had an idiosyncrasy consisting of hypersusceptibility to penicillin. An idiosyncrasy consisting of a hypersusceptibility to a harmless drug is not a bodily infirmity within the meaning of an exception clause of an insurance policy which provides for nonpayment in the event death results from physical infirmities of the insured. 29 Am. Jur. § 995.

The petition having alleged facts showing that the insured's death was accidental and through external and violent means, the trial judge erred in sustaining the general demurrer as to these two policies.

*Judgment affirmed in part and reversed in part. Felton, C. J., and Nichols, J. concur.*