36429.   CALDWELL *v.* KNIGHT.

Decided November 20, 1956—Rehearing denied December 14, 1956.

828

*Clower & Anderson*, for plaintiff in error.

*Matthews, Maddox, Walton & Smith*, contra.

QUILLIAN, J. ■ There was sufficient evidence upon which the jury could have based its verdict that the defendant had used ordinary care while treating the plaintiff. No practical purpose would be served in setting out the evidence in this case, since a cursory examination of the record shows there was ample evidence to support the verdict. The general grounds of the motion for a new trial are without merit.

■ Special ground 1 assigns as error the following charge: "The defendant contends as one of his defenses that the plaintiff's complaint occurred as a result of an accident. The word 'accident' has two or more separate and distinct meanings. As used in connection with this case, it does not have the meaning which the word has to the average layman. In Georgia law, it means, in connection with personal injury cases such as this, an injury which occurs without being caused by either the negligence of the plaintiff or of the defendant. The idea of accident excludes responsibility for the cause of the injury. If you find from the preponderance of evidence that the plaintiff's damages, if any, were caused by accident as I have defined the word, that is, occurred without any lack of ordinary care and diligence on the part of the plaintiff or the defendant, then the plaintiff could not recover damages."

The plaintiff insists that this charge was error because there was no evidence upon which to base this charge. The plaintiff contends that the question of accident is not involved because the defendant's acts were intentional. While it is true that the defendant's acts were intentional, this would not preclude a finding that the injury was the result of an accident. Where a person, while using reasonable care, commits an intentional act which causes an unexpected injury to another person, the injury

is the result of an accident. *Johnson* v. *National Life &c. Co.*, 92 *Ga. App.* 818, 819 (90 S. E. 2d 36).

Where one of two people, neither of whom is guilty of negligence, commits an intentional act which causes an unexpected injury to the other, the injury is the result of an accident. *Johnson* v. *National Life &c. Co.*, supra. Where an accident has occurred, neither party is liable for the injury. Therefore in this case, if the defendant was not negligent in administering the treatment to the plaintiff, the injury was an accident, and the trial judge properly instructed the jury as to this issue of the case. Special ground 1 is without merit.

Special grounds 2 and 3 are controlled by the first division of this opinion and are without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*