37007, 37030.   TRAMMELL *v.* WILLIAMS; and *vice versa.*

DECIDED JANUARY 28, 1958.

*William L. Moore,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love,* contra.

QUILLIAN, Judge. ■ Special ground 1 of the amended motion for a new trial assigns as error the following charge: "I charge you that when a party has evidence in his power and within his reach but fails to produce that evidence this raises a presumption that the evidence, if produced, would be prejudicial to the party who could, but did not, produce it."

The exceptions taken to the charge were: "(a) Said principle of law had no application to the facts of this case. (b) There was no evidence before the court that there were witnesses that were not available to both parties. (c) There was no showing before the court that evidence was within the power of any of the parties that was not produced nor the power of the other to contradict as to which the presumption could apply. (d) There was no showing that any party, and especially plaintiff, was guilty of suppression of evidence."

The exceptions (a) and (b) were in substance the same. They both attack the charge as not being adapted to the issues of the case. The allegation contained in the exceptions (c) and (d) of the ground, that neither party failed to produce evidence available to him, affirmatively revealed that, if there was error in the charge because it was not adapted to the pleadings and proof of the case, it was entirely harmless. If there was no default of either party in producing evidence the charge could not have been more prejudicial to the plaintiff's cause than to the defendant's defense.

However, the charge was adapted to the issues of the case as presented by the pleadings and evidence. The petition alleged that the plaintiff was entitled to recover damages of the defendant because of injuries sustained by him in a collision of his automobile with that of the defendant. The plaintiff's condition immediately after the collision and over a period of several months, was material in determining the amount of his recovery. He failed to produce testimony of his wife, with whom he was living both at the time of the collision and the time of the trial, as to his appearance, that is whether he appeared to be in pain or experiencing difficulty in the use of his hands and arms as alleged in the petition and asserted by his own testimony. Within the space of six or seven months after the collision a chiropractor and two doctors treated him for injuries sustained in the collision. Though it could be fairly inferred that the testimony of these witnesses might have been material in proving the amount the plaintiff was entitled to recover, none of them were produced as witnesses nor their absence accounted for. While a party need not account for every witness who has knowledge of facts pertinent to his cause or defense (*Southern Ry. Co.* v. *Acree*, 9 *Ga.*

*App.* 104 (2) (70 S. E. 352), where the testimony of available witnesses is material to his cause or defense, the witnesses must be produced or the inference will arise that their testimony would be unfavorable to the party who fails to produce them. *Price v. Whitley Construction Co.,* 91 *Ga. App.* 257, 268 (85 S. E. 2d 528); *Beardsley v. Suburban Coach Co.,* 83 *Ga. App.* 381 (63 S. E. 2d 911); *Weinkle & Sons v. Brunswick & Western R. Co.,* 107 *Ga.* 367, 373 (33 S. E. 471); *Savannah, Fla. & Western Ry. v. Gray,* 77 *Ga.* 440, 443 (3 S. E. 158); *Stevenson v. State of Georgia,* 83 *Ga.* 575, 581 (10 S. E. 234).

While the charge was not an accurate statement of the rule as to when the presumption provided by Code § 38-119 arises, in that it omitted reference to the statutory provisions that the presumption exists when the evidence the party fails to produce will repel a charge against him (is material to his cause or defense) or where the evidence the party introduces is inferior to that he fails to produce. But there was no exception to the charge on this ground. We simply call attention to the defect in the charge lest it be assumed it is approved by this court as being abstractly correct.

The plaintiff contends in his brief that the charge was also incorrect as an abstract principle of law. However, this contention not being urged in his amended motion for a new trial, it cannot be considered here. *Paradies & Rich v. Warren Co.,* 53 *Ga. App.* 457 (186 S. E. 438); *Hanover Fire Ins. Co. v. Scroggs,* 90 *Ga. App.* 539 (83 S. E. 2d 295); *Lunsford v. Ferrell,* 85 *Ga. App.* 37 (68 S. E. 2d 153). Special ground 1 is without merit.

■ Special ground 2 insists that the trial judge erred in charging the jury as follows: "I charge you that if the plaintiff's damages or his injuries resulted from an accident, and neither party was at fault, there could be no recovery in this case. And in that same connection I charge you that if the injury was the result of an accident, unmixed with the failure of either the plaintiff to use due ordinary care, or the defendant to exercise ordinary care, there could be no recovery because in the absence of the failure to use and exercise such care the injury is an accident and there could be no recovery against anyone."

The plaintiff contends that the charge was misleading because it instructed the jury that a recovery cannot be had for an injury

which is the result of an accident. This argument is without merit because, in a personal injury case such as the present one, an accident is an event which happens unmixed with the lack of ordinary care and diligence of either party, for which there can be no recovery. *Caldwell* v. *Knight*, 94 *Ga. App.* 827 (96 S. E. 2d 331); *Johnson* v. *National Life &c. Ins. Co.*, 92 *Ga. App.* 818 (90 S. E. 2d 36).

■ In special ground 3 error is assigned to the following charge: "I further charge you that the driver having the right of way is not entitled to drive blindly or recklessly across an intersection without regard to the conditions and consequences. It is his duty to exercise ordinary care in being alert to observe vehicles approaching the crossing and to exercise ordinary care to control the speed and movement of his car to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened or imminent." It is insisted that the charge was misleading because ordinary diligence was not defined elsewhere in the charge. While the trial judge did not define "ordinary diligence," he did instruct the jury as to the meaning of "ordinary care". The terms "ordinary care" and "ordinary diligence" being commonly treated as synonymous, under authority of *Atlanta, K. & N. Ry. Co.* v. *Tilson*, 131 *Ga.* 395 (2) (62 S. E. 281), the plaintiff's contention is without merit.

■ Special ground 4 of the amended motion for a new trial is without merit.

■ The general grounds of the motion for a new trial insist that the evidence demanded a verdict for the plaintiff. On the trial of the case the defendant testified in part that: he was proceeding south on Spring Street; he stopped for a traffic light at the intersection of Spring and Trinity Streets; he turned on his left-turn signal light; when the traffic light turned green he proceeded to make a left turn; when he reached a point where the front portion of his automobile had cleared the intersection there was a collision; the plaintiff's automobile struck his vehicle toward the rear; at the time he proceeded to make the left turn he did not see an automobile in the lane in which the plaintiff's automobile was traveling.

The plaintiff testified in part: that the defendant suddenly drove his automobile directly in front of him making it impossible

for him to avoid the collision.

The evidence being in conflict as to the material issues of the case, the verdict is not without evidence to support it. The general grounds of the motion for new trial are without merit.

*Judgment affirmed on the main bill of exceptions. Cross bill of exceptions is dismissed. Felton, C. J., and Nichols, J., concur.*