## 47469. KIRKLAND v. MOORE.

EVANS, Judge. This case arises from a collision between an automobile and a motorcycle at an intersection. The jury rendered a verdict in favor of the defendant. Plaintiff was traveling west on a motorcycle, at 25 to 30 miles per hour, headed towards an intersection. Defendant was traveling north in an automobile, and was on a ramp which intersected the street on which plaintiff was traveling. Plaintiff testified that when he was 120 to 130 feet from the intersection, he saw defendant's automobile coming down the ramp, but knowing there was a stop sign facing defendant, he thought defendant would stop before entering the intersection. Plaintiff further testified that he took his eyes off defendant and did not see him again until within one foot of the point of impact, when he saw defendant out of the corner of his eye; that he could not estimate defendant's speed and did not know whether or not defendant stopped at the stop sign at said intersection.

Defendant testified that he pulled up to the stop sign on the exit ramp at the intersection and came to a complete stop; that he was stopped for two or three seconds; that he approached the intersection in a normal manner, looked both ways on the through-way and then proceeded into the intersection; that he started from the stop sign at 0 miles per hour and was running at about 5 miles per hour at the time of the impact; that he did not see the motorcycle or the plaintiff before the collision; and he did not know why the collision occurred.

There is no better established rule of law than that negligence, and diligence, even gross negligence and slight diligence, are questions of fact, to be determined by a jury, and not by the court. *Atlantic Ice &c. Corp. v. Newlin,* 56 Ga. App. 428 (1a) (192 SE 915).

Further, where a jury returns a verdict, and it has the approval of the trial judge, on appeal that verdict must be affirmed if there is *any* evidence to support it. "After a verdict, the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict." *Sharp v. Thomas,* 125 Ga. App. 137 (1) (186 SE2d 589); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232).

Jurors are the sole and exclusive judges of the weight and credit to be given testimony. *Wilder v. State,* 193 Ga. 337, 339 (18 SE2d 546).

If the plaintiff by the exercise of ordinary care could have avoided the consequences of defendant's negligence, plaintiff is not entitled to recover. Code § 105-603. If both plaintiff and defendant are negligent, and if plaintiff's negligence is equal to or greater than defendant's negligence, plaintiff cannot recover. *Brunswick & Western R. Co. v. Wiggins,* 113 Ga. 842 (3) (39 SE 551, 61 LRA 513).

If the collision results from an accident plaintiff cannot recover. *Trammell v. Williams,* 97 Ga. App. 31 (2) (101 SE2d 887).

What law governs a motorist who approaches an intersection and has the right of way, because of a stop sign that faces automobiles entering same from an intersecting street or highway? May he exercise no diligence whatever and be held blameless if he collides with another vehicle in the intersection? No, indeed! The law has been spelled out very plainly by this court by decisions, which because of their age and not having been overruled, are stare decisis and binding on this court.

In *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247), in a well-written opinion by Judge Jenkins, it was held: "the driver having the right of way at a highway intersection (Code of 1933, § 68-303) ordinarily has the

right to assume and to act upon the assumption that drivers of cars approaching the crossing on his left will yield the right of way, and also that they will exercise the ordinary care required of them. *But even though a driver on the left has failed to observe a right-of-way statute and is thus guilty of negligence per se,* or has otherwise failed to exercise ordinary care in approaching the intersection, *this will not render such a driver liable for a collision, unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly or recklessly across an intersection,* especially one which might be termed a 'blind intersection,' without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent." (Emphasis supplied.)

Again, in *Laseter v. Clark,* 54 Ga. App. 669 (3) (189 SE 265), it was held: "The driver of an automobile having the right of way at a highway intersection is not freed by such rule from all duty to exercise ordinary care, and he may not himself violate a speed statute or ordinance."

More recently, in *Currey v. Claxton,* 123 Ga. App. 681 (1) (182 SE2d 136) it was held: "But even if the driver approaching on the left is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right of way of his own legal duty to

exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care in the control, speed and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent."

The plaintiff in this case testified that he saw defendant when he was 120-130 feet from the intersection but did not see him again until one foot from the point of impact, when he saw defendant out of the corner of his eye. The jury could very well have concluded that this was a failure to exercise ordinary care in his approach to the intersection, even if defendant had overrun the stop sign. But it will be remembered that defendant testified he did not overrun the stop sign. It is true that defendant says he did not see plaintiff until the collision, and this could have been adjudged by the jury to be negligent conduct on the part of plaintiff and defendant. If plaintiff's negligence was equal to that of defendant, plaintiff could not recover.

Further, the jury may have concluded that plaintiff's conduct in approaching the point of impact at 25-30 mph violated Code Ann. § 68-1626 (a) as follows: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

If the jury believed the defendant's testimony, as they had the right to do, to wit, that he stopped at the stop sign, and then accelerated from zero miles per hour to five miles per hour, and if they believed plaintiff's

testimony that plaintiff approached the intersection at 25-30 miles per hour, then the slow speed of defendant as against the much faster speed of plaintiff would strongly suggest that defendant entered the intersection first, after stopping at the stop sign, and under Code Ann. § 68-1652 (a) had the right of way at the time of the collision. We repeat that both drivers could have been equally at fault in that neither saw the other until the impact, or one foot before the impact.

The question of negligence in this case was solved by the jury in rendering a verdict in favor of the defendant. That verdict has the approval of the trial court. Questions of fact, such as negligence, are properly decided in the trial court.

*Judgment affirmed. Eberhardt, P. J., Pannell, Deen, Quillian and Clark, JJ., concur. Bell, C. J., Hall, P. J., and Stolz, J., dissent.*

ARGUED SEPTEMBER 6, 1972 — DECIDED JANUARY 11, 1973 — REHEARING DENIED FEBRUARY 2, 1973 —

*L. B. Kent,* for appellant.

*Kelly, Champion, Denney & Pease, John W. Denney,* for appellee.

STOLZ, Judge, dissenting. It is difficult to argue with the principles of law expressed in the majority opinion. However, I do not believe that they are applicable to the facts in this case. I shall not restate the evidence previously set out in the majority opinion, but do point out that an independent eyewitness traveling in the same direction behind the plaintiff testified that the defendant did not stop at the stop sign prior to entering the intersection. The record conclusively shows that the defendant's vehicle collided with the plaintiff's motorcycle, with the front of the defendant's car striking the motorcycle on its right. At the time of the collision both vehicles were on their proper right side of the road,

thus the plaintiff's motorcycle was more than halfway through the intersection (and the defendant's automobile was less than halfway into the intersection) when the collision occurred. The plaintiff was operating his motorcycle on a through street, on his proper side of the road, within the speed limit. The plaintiff had the right to assume that the defendant would stop his automobile in obedience to the "stop" sign facing him at the intersection and *not enter the intersection until the same could be done safely.* Code Ann. § 68-1652 (a) (b) (Ga. L. 1953, Nov. Sess., pp. 556, 590). Indeed, the crux of this case is not whether the defendant stopped at the stop sign, but whether he entered the intersection at a time when the plaintiff, on his motorcycle, was so close thereto as to constitute an immediate hazard. The uncontroverted evidence showed that such a situation existed.

It is not our intent to put ourselves in the jury box. However, the law clearly authorizes the grant of a new trial "when the verdict of a jury is found contrary to evidence and the principles of justice and equity" (Code § 70-202; Ga. L. 1799, Cobb 503) and "where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding." (Code § 70-206; Ga. L. 1853-4, p. 47). These rules recognize that juries are composed of human beings and, as such, occasionally make mistakes. The new trial does not impose a different result, it only allows another jury to have the opportunity of hearing the case and rendering a decision.

It is my opinion, after a careful review of the evidence in this case, that the aforesaid rules of law relating to the grant of new trials are applicable and that the case should be reversed.

I am authorized to state that Chief Judge Bell and Presiding Judge Hall concur in this dissent.