## 49929. MORRIS v. THE STATE.

PANNELL, Presiding Judge.

The defendant was found guilty of driving under the

influence of intoxicating beverages and operating a motor vehicle on the wrong side of the road. He appealed to this court asserting alleged erroneous admissions of evidence and the insufficiency of the evidence to support the verdict. *Held:*

1. Error is claimed because the trial judge asked a witness a question claimed irrelevant by the appellant. No objection was made to either the question or answer. Under these circumstances no complaint can be considered in this court. See, *Georgia Public Service Commission v. Georgia Power Co.,* 182 Ga. 706 (1) (186 SE 839).

2. A witness for the state, whose automobile left the road to avoid hitting defendant's automobile which was being operated on the wrong side of the road, testified on direct examination: "If I hadn't got off the road, he would have probably hurt one of us or probably killed one of us. We were both in compact cars, and he was just doing 25 miles an hour, and it probably would have been a pretty good wreck." The objection made was as follows: "Your honor, I'm going to have to object to that and ask that those remarks be stricken. The witness had no basis whatsoever to support his answer." The trial judge overruled the objection and error is enumerated thereon. Even should we construe the objection to be one directed to an unauthorized statement of opinion, the statement objected to was both fact and opinion, and there was no error in refusing to exclude the entire statement. *Atlantic Ice & Coal Corp. v. Newlin,* 56 Ga. App. 428, 433 (2) (192 SE 915).

3. The evidence was sufficient to authorize the verdict rendered.

*Judgment affirmed. Evans and Webb, JJ., concur.*

SUBMITTED NOVEMBER 6, 1974 — DECIDED
NOVEMBER 19, 1974.

*Harmon & Wells, Herbert L. Wells,* for appellant.
*Austin J. Kemp, II, Solicitor,* for appellee.