## 53259. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. BROWN.

STOLZ, Judge.

The appellee sued the appellant insurance company for the accidental death benefits of a life insurance policy plus attorney fees and bad faith penalty. The appellee was awarded both policy benefits and attorney fees by jury verdict, and the appellant now appeals.

The policy in issue provides double indemnity for death "through external, violent, and accidental means." The insured, an alcoholic, was placed in the Polk County jail on June 13, 1973. He subsequently became extremely ill, suffering severe delirium tremens. On June 15, the insured got in the shower, turned on the hot water, and apparently became unconscious, dying as a result of his body overheating in the scalding water.

1. The appellant's first enumerations of error contest the judgment on general grounds. It is our opinion, however, that there was a valid question of fact as to whether or not the insured's death was caused by accidental means.

2. However, we must reverse the judgment below for other reasons. In his charge to the jury, the judge charged that "insurance policies, like other contracts, are to be construed most strongly against the party who prepares the contract." This charge was erroneous.

A similar charge was given by a trial court and subsequently overruled in this court in *American Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576 (2) (200 SE2d 281) (1973): "The judge charged the jury the legal principle that a contract of insurance was to be construed

against the insurer [,] which language was a correct statement of the law taken from *Southeastern Fidelity Ins. Co. v. McDonald,* 125 Ga. App. 394 (188 SE2d 162). The court further charged that ambiguities in an insurance contract shall be construed most favorably toward the insured and most strongly against the insurer. This too is a correct legal principle. But it is not the province of the jury to construe unambiguous contracts. In fact it is error to submit such question to the jury. *Empire Mills Co. v. Burrell Engineering &c. Co.,* 18 Ga. App. 253 (1) (89 SE 530). The duty to construe contracts is upon the court. *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 679 (34 SE2d 839); *Carter v. Turbeville,* 90 Ga. App. 367, 369 (83 SE2d 72)." See Code § 20-701; *California Ins. Co. v. Blumburg,* 101 Ga. App. 587 (2) (115 SE2d 266) (1960). Because there is no issue in the case sub judice as to the meaning of obscurely written or ambiguous words in the policy, the court's charge was erroneous.

3. Another enumeration of error dealt with the charge to the jury concerning attorney fees. Attorney fees may be adjudged against an insurer if it refuses to pay according to the policy within sixty days after a demand has been made by the holder of the policy. Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502, as amended). In the case sub judice, there was no evidence presented at trial of any demand by the plaintiff. Therefore it was error to charge on attorney fees.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 4, 1977.

*J. Clinton Sumner, Jr.,* for appellant.

*Gammon & Anderson, Joseph N. Anderson,* for appellee.