## 56020, 56021. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. BROWN; and vice versa.

BIRDSONG, Judge.

This is the second appearance of this case before this court. See *Interstate Life &c. Ins. Co. v. Brown,* 141 Ga. App. 195 (233 SE2d 44). After the second retrial of the case (following a mistrial and then a reversal by this court), Interstate Life &c. Ins. Co. (Interstate) appeals from an adverse jury verdict; Brown also filed a cross appeal. *Held:*

1. In the main appeal, Interstate's first three enumerations of error contest the judgment on general grounds. This issue initially was decided adversely to Interstate in *Interstate Life &c. Ins. Co. v. Brown,* supra, and we agree with that conclusion.

2. The trial court adequately instructed the jury as to the meaning of "accidental death" as contemplated by the insurance policy. See *Jackson v. Nat. Life &c. Ins. Co.,* 130 Ga. App. 208 (202 SE2d 711); *Johnson v. Nat. Life &c. Ins. Co.,* 92 Ga. App. 818 (90 SE2d 36). Interstate's contention to the contrary is without merit.

3. "In an action to recover penalties and attorney's fees for the refusal of an insurer to pay a claim it must be shown that the refusal was in 'bad faith,' Code Ann. § 56-1206. . ., and the burden is on the insured to show that such refusal was made in bad faith. [Cits.] 'Bad faith,' as the term is defined in Code Ann. § 56-1206. . . means 'any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy,' [Cits.]. . . [T]he mere fact that the insurer did not comply with the demand is not evidence of bad faith, nor is any burden thereby cast on the insurer to prove good faith." *Interstate Life &c. Ins. Co. v. Williamson,* 220 Ga. 323, 324 (138 SE2d 668).

This court has previously determined that "there was a valid question of fact as to whether or not the insured's death was caused by accidental means." *Interstate Life &c. Ins. Co. v. Brown,* supra. Clearly, "[t]he issue before this court was doubtful and there was reasonable and probable cause for the defense raised. Hence, there is no basis for the grant of penalty and attorney fees as contended for by the plaintiff. [Cit.]" *Poe v. Founder's Life Assurance Co.,* 145 Ga. App. 757, 760 (245 SE2d 166). "No evidence of bad faith having been introduced, the issue should not have been presented to the jury, and an award under Code Ann. § 56-1206 is therefore unjustified." *United Ins. Co. of America v. Dixon,* 143 Ga. App. 133 (237 SE2d 661). See *Interstate Life &c. Ins. Co. v. Brown,* 130 Ga. App. 850 (204 SE2d 755).

4. The trial court having erred in entering judgment in favor of Brown as to attorney fees and penalty, Brown's

contention, in his cross appeal, that the trial court erred in reducing the amount of attorney fees, is without merit. The judgment of the trial court is affirmed with direction that the award of attorney fees and penalty be written off; otherwise reversed.

*Judgment affirmed with direction. Bell, C. J., and Shulman, J., concur.*

SUBMITTED MAY 23, 1978 — DECIDED<br>JULY 10, 1978.

*Rogers, Magruder & Hoyt, J. Clinton Sumner, Jr.,* for appellant.

*Gammon & Anderson, Joseph N. Anderson,* for appellee.