Sarah Maxine LANEY,
Plaintiff-Appellant,

v.

CONTINENTAL INSURANCE COMPA-
NY, Defendant-Appellee.

No. 84–8328.

United States Court of Appeals,
Eleventh Circuit.

April 15, 1985.

Charles L. Day, Marietta, Ga., for plain-
tiff-appellant.

James M. Poe, Atlanta, Ga., for defend-
ant-appellee.

Before RONEY and HENDERSON, Cir-
cuit Judges, and TUTTLE, Senior Circuit
Judge.

ALBERT J. HENDERSON, Circuit
Judge:

Sarah Maxine Laney instituted this ac-
tion to recover benefits under an insurance
policy issued by Continental Insurance
Company (Continental) insuring her hus-
band, Pat Laney, against death caused by
accident. She appeals from the order of
the United States District Court for the
Northern District of Georgia granting Con-
tinental's motion for summary judgment
and denying her motion for partial summa-
ry judgment. We find that the district
court did not err in concluding that the
policy language "caused by accident" com-
prehended an "accidental means" policy un-
der Georgia law thereby precluding recov-
ery for Mrs. Laney. Accordingly, we af-
firm.

On July 6, 1982, Pat Laney died at his
home in Cobb County, Georgia. Because
the death was sudden and unexpected, the
Cobb County Medical Examiner's office
performed an autopsy on Laney on July 7,
1982. A sample of Laney's blood tested by
the Georgia Bureau of Investigation Divi-
sion of Forensic Sciences evidenced a posi-
tive blood alcohol level of .47 grams per-
cent. The death certificate listed "acute
ethanol intoxication (poisoning)" as the
cause of death.

At the time of his death, Laney was
insured against death caused by accident

under a policy issued by Continental in the principal sum of $150,000.00. The policy covered "loss ... resulting directly and independently of all other causes from bodily injuries caused by accident occurring while this policy is in force." Mrs. Laney was the named beneficiary of the policy.

After Continental refused to pay benefits under the policy pursuant to demand, Mrs. Laney brought this action in the State Court of Cobb County. Continental subsequently removed the case to the district court on diversity of citizenship grounds. After entering into a stipulation of facts, both parties filed motions for summary judgment. Neither party disputed that Laney voluntarily and intentionally consumed the whiskey and beer that caused his death. It was also undisputed that there was no evidence to suggest that Laney intended death to result from the consumption of the alcohol. The district court granted Continental's motion and denied Mrs. Laney's motion.

The issue before us on appeal concerns the construction to be given the policy language "caused by accident." Georgia law distinguishes between the terms "accidental injury" and "injuries resulting from accidental means." *Jackson v. National Life & Accident Insurance Co.*, 130 Ga.App. 208, 209, 202 S.E.2d 711, 712 (1973); *Johnson v. National Life & Accident Insurance Co.*, 92 Ga.App. 818, 819, 90 S.E.2d 36, 37 (1955). As the Georgia Court of Appeals stated in *Johnson:*

> There is a very definite distinction between 'accidental injuries' and 'injuries resulting from accidental means.' Where an injury is unexpected but arises from a voluntary action it is an 'accidental injury,' but for an injury to result from accidental means, it must be the unexpected result of an unforeseen or unexpected act which was involuntarily and unintentionally done.

92 Ga.App. at 819, 90 S.E.2d at 37 (citations omitted). " 'Where an unusual or unexpected result occurs, by reason of the doing of an intentional act, with no mischance, slip or mishap occurring in doing the act

itself, the ensuing injury or death is not caused by accidental means.' " *Jackson*, 130 Ga.App. at 209, 202 S.E.2d at 712 (citation omitted). Mrs. Laney argues that "caused by accident" is the legal and grammatical equivalent of "accidental injury," thereby requiring only that the result, i.e., death, be unexpected. Continental, on the other hand, maintains that the policy language must be equated with "accidental means" such that both the cause of the harm, i.e., ingestion of alcohol, and the result must be unexpected, accidental or unintentional. If Georgia insurance law construes "caused by accident" to be the same as "accidental means," the district court's grant of summary judgment was proper because the parties do not dispute that Laney voluntarily and intentionally consumed the alcoholic beverages that caused his death.

The appellant contends that the decision of the Georgia Court of Appeals in *Johnson* establishes that "caused by accident" is the equivalent of "accidental injury." In *Johnson*, the insured died following a voluntary injection of 600,000 units of penicillin. The plaintiff-appellant, the beneficiary of six insurance policies issued to the insured, brought suit to recover benefits under these policies. Three of the policies provided extra benefits for the death of the insured if death resulted from "bodily injuries effected solely through external, violent and accidental means." One of the policies provided indemnity for "death by accidental means." The two remaining policies paid benefits for "death due to bodily injury which was 'effected accidentally and through external and violent means.' " The trial court sustained a general demurrer to the petition. On appeal, the court of appeals affirmed the trial court's judgment with respect to those policies which required that death be the result of accidental means. The appeals court, however, held that the trial court erred in sustaining the demurrer as to the two policies covering death "effected accidentally and through external and violent means." In the court's view, the petition alleged sufficient facts to show that the insured's death

was accidental. *Id.* 92 Ga.App. at 820, 90 S.E.2d at 38. Mrs. Laney claims that the effect of the *Johnson* decision was to equate the term "effected accidentally" with "accidental injury," such that only the result of the action need be unexpected or unforeseen. As "effected accidentally" and "caused by accident" are synonymous, the appellant urges that the district court erred in holding that "caused by accident" includes death by "accidental means."

Although *Johnson* would seem to indicate a view contrary to that of the district court, a more recent decision of the Supreme Court of Georgia read the "accidental means" test into a policy providing coverage for losses arising "as a result of bodily injury caused solely by accident." In *Continental Assurance Co. v. Rothell*, 227 Ga. 258, 181 S.E.2d 283 (1971), the insured was admitted to a hospital with a broken neck after police found him slumped on a sidewalk. The death certificate listed traumatic neck injury as the cause of death. The plaintiff-appellee sued on a life insurance policy that furnished benefits for death resulting from injury "caused solely by accident." The Georgia Court of Appeals affirmed the trial court's grant of the plaintiff's motion for summary judgment. The Georgia Supreme Court reversed, indicating that in order to recover the plaintiff had the burden to prove that death resulted from accidental means. *See Phillips v. Home Security Life Insurance Co.*, 632 F.2d 1302, 1304 n. 1 (5th Cir. Unit B 1980) (discussion of *Rothell* decision).[1]

Other courts have adopted this same reasoning. In *Thomason v. United States Fidelity & Guaranty Co.*, 248 F.2d 417 (5th Cir.1957), the former Fifth Circuit Court of Appeals held that "caused by accident" had the same meaning as the phrase "accidental means" for purposes of interpreting an insurance contract covering property damage. The court reached this conclusion in the context of Alabama law, which also recognized a difference between an "accidental result" and a "result caused

by accidental means." *Id.* at 419. *Accord Lee v. Fidelity and Casualty Co.*, No. C74–2385A, slip op. at 3 (N.D.Ga.1976) (policy covering death caused by accident), *rev'd on other grounds*, 567 F.2d 1340 (5th Cir.1978); *Baker v. American Insurance Co.*, 212 F.Supp. 353, 357 (E.D.S.C.) (policy covering property damage caused by accident), *aff'd*, 324 F.2d 748 (4th Cir.1963). Leading commentators on insurance law also equate "caused by accident" and "accidental means." *See* 10 G. Couch, *Cyclopedia of Insurance Law* § 41.29 (2d ed. 1982); 1A J. Appleman, *Insurance Law and Practice* § 363, at 497 (1981). Finally, grammatical construction suggests that the two terms, "caused by accident" and "accidental means," are synonymous and not the same as "accidental injury." In the phrase "accidental means," the word accidental is an adjective describing the quality of the events precipitating the ultimate result. The focus is on the occurrence or happening which produces the result, not the result itself. Similarly, in the phrase "bodily injuries caused by accident," the qualifier limits the cause of the harm to those circumstances where the result, i.e., the injury, is due to an unexpected, unforeseen or unintentional event. In the phrase "accidental injury," however, "accidental" merely refers to the character of the injury or harm, i.e., the end result, and not the act causing the injury.

Given this construction of the policy term, it is evident that the defendant was entitled to judgment as a matter of law. Mrs. Laney does not dispute that her husband intentionally and voluntarily drank the alcohol that caused his death. Nor does she contend that some mischance, slip or mishap occurred during his consumption of the whiskey and beer to cause him to consume more than he intended. Although the result of his drinking was unexpected, the act of drinking was intentional. Georgia law makes it clear that such conduct is not covered by an "accidental means" policy. *See, e.g., Jackson v. National Life &*

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

*Accident Insurance Co.,* 130 Ga.App. 208, 202 S.E.2d 711 (1973) (death from heroin overdose occurring suddenly after voluntary injection of narcotics not covered by accidental means policy); *Davison v. National Life & Accident Insurance Co.,* 106 Ga.App. 187, 126 S.E.2d 811 (1962) (death by asphyxiation due to dentist's voluntary and intentional inhalation of nitrous oxide not death by accidental means); *Johnson v. National Life & Accident Insurance Co.,* 92 Ga.App. 818, 90 S.E.2d 36 (1955) (death due to deceased's sensitivity to penicillin not death by accidental means where deceased consented to injection of penicillin); *Thompson v. Prudential Insurance Co.,* 84 Ga.App. 214, 66 S.E.2d 119 (1951) (death not due to accidental means where deceased died while playing Russian Roulette).

The judgment of the district court granting summary judgment to Continental Insurance Company is AFFIRMED.