27749. KELISEN *v.* SAVANNAH THEATRES COMPANY.

DECIDED OCTOBER 25, 1939. REHEARING DENIED NOVEMBER 24, 1939.

*Jacob Gazan, David Silver Bracker,* for plaintiff.
*Conneral & Hunter,* for defendant.

SUTTON, J. G. Albert Kelisen sued the Savannah Theatres Company in the city court of Savannah, and alleged in substance

that the defendant was the owner of certain described lots in Savannah, and that there was a sidewalk abutting the lots of the defendant which was in constant use by pedestrians; that at and before December 10, 1937, the defendant, disregarding the duty and obligation placed upon it by certain quoted ordinances, negligently and carelessly permitted the sidewalk abutting its property to be and remain in a state of disrepair and in an unsafe and dangerous condition, in that it permitted the iron lid or cover of a water cut-off box located on this sidewalk to be and remain cracked and broken; that on December 10, 1937, plaintiff was walking on this sidewalk, and when he stepped on the cover or lid on the water cut-off box it gave way, thereby throwing him to the ground and injuring him as therein alleged; that said unsafe and dangerous condition had existed for more than a month prior to the date of his injury and the defendant had knowledge of such condition or in the exercise of ordinary care and diligence could and should have known of such unsafe and dangerous condition of the lid or cut-off box cover. Two of the ordinances which it was alleged the defendant had negligently violated in permitting the sidewalk abutting its property to be and remain in a state of disrepair were as follows: "1341. It is hereby made the duty of the owner or lessee of any lot in the City of Savannah to keep in good repair the sidewalk along the whole length and depth of said lot, which fronts on any street or square of said city, including the iron boxes for gas and water connections in said sidewalk, which shall have metal covers adapted to the sidewalk level." "1342. The owner of any lot or tract of land within the corporate limits of the City of Savannah shall be primarily liable to any person injured by reason of any defect in or obstruction on the sidewalk bordering his property whenever the defect or obstruction is caused by the owner or person in possession, or wherever the defect is not caused by the owner or person in possession, but such defect has been previously brought to the attention of the owner, his agent, or the person in possession of said property, or where such defect remains unrepaired for such a period of time as would make the city liable; and whenever the Mayor and Aldermen of the City of Savannah are sued, in such cases they shall vouch into court the owner of such property, and said owner shall be liable to the city for the amount of judgment obtained in such suit against the city."

The defendant demurred generally on the grounds (1) that the petition set forth no cause of action against it; (2) that the cause of action, if any, was against the Mayor and Aldermen of the City of Savannah; (3) that the ordinances set out in the petition do not give to the plaintiff a legal right to sue the owner of the property which abuts the sidewalk upon which the accident is alleged to have occurred, but the ordinances were designed to give the city a remedy over against the property owner. The defendant's general demurrer was amended by adding the following grounds: (1) that the ordinances set out in the petition, seeking to make the property owner primarily liable, are unconstitutional and void as being in violation of the due-process clause of the constitution of the State of Georgia, art. 1, sec. 1, par. 3 (Code, § 2-103); (2) and in violation of art. 1, sec. 4, par. 1 of said constitution (Code, § 2-401), to the effect that no special law shall be made where provision therefor has been made by a general law of the State. It is not necessary to refer to the defendant's special demurrers.

The plaintiff amended his petition by alleging that ordinance 1342, quoted above, was an act of the General Assembly of the State of Georgia (Ga. L. 1914, pp. 1178, 1180, § 5), the language of the act set out in the amendment being identical with that of said ordinance, and it was set up in the amendment that the defendant negligently violated this act of the General Assembly by failing to keep the sidewalk abutting its property in good order and repair and in permitting the lid of the water cut-off box to be cracked and broken and to remain in a state of disrepair, thus constituting a dangerous menace to pedestrians using said sidewalk.

The defendant then renewed its demurrers to the amended petition, as follows: "Defendant hereby redemurs to the petition as amended, and hereby renews the general and special demurrers and the attack on the constitutionality of the ordinances of the City of Savannah and the act of the General Assembly of the State of Georgia, approved August 17, 1914, amending the charter of the City of Savannah, on each and every ground as set forth in defendant's pleadings heretofore filed." The court sustained the defendant's general demurrer and dismissed the plaintiff's petition, on the ground that the "ordinances of the City of Savannah set forth in the petition" do not impose a liability on the property

owner for defects in the sidewalk which the owner did not bring about or create. The exception here is to the order sustaining the general demurrer to the petition as amended.

1. "The general rule of law is that a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and if it fails to do so, it is liable in damages for injuries sustained in consequence of such failure." *Jolly* v. *Atlanta,* 37 *Ga. App.* 666 (141 S. E. 223).

2. "While a person injured by an unsafe obstruction placed over the sidewalk by an owner of abutting property may have a right of action against the city for negligence in allowing the obstruction on the sidewalk, this does not affect the liability of the owner responsible primarily for such obstruction. The owner's liability arises from his negligent conduct in erecting and maintaining the dangerous obstruction on the sidewalk. The city's liability arises from its negligence in not keeping its sidewalk in a safe condition. A party injured by such obstruction has a right of action against either the owner or the city, or both; and, if the city is forced to pay for the injury caused by the obstruction, it has, ordinarily, a right of action over against the owner." *Byne* v. *Americus,* 6 *Ga. App.* 48 (2) (64 S. E. 285).

(a) "An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance therein. In the latter event he is liable, not because he owns the abutting property, but because he creates or maintains the thing from which injury results." *Georgia Ry. & Electric Co.* v. *Tompkins,* 138 *Ga.* 596 (2), 599 (75 S. E. 664); *Searce* v. *Gainesville,* 33 *Ga. App.* 411 (2) (126 S. E. 883).

3. "Where no liability is placed by law upon owners of property abutting streets and sidewalks on account of injury arising from their defective condition, not attributable to such an owner, but where such liability, in cases where any exists, rests upon the municipality, such municipality can not by ordinance evade its liability to third persons by shifting it directly upon the owners of abutting property; nor indirectly do so by requiring property owners to assume the duties incumbent upon it, and thus assume ul-

104

timate liability. Whatever, if any, obligation, fine, or penalty a property owner may incur to the city by reason of his failure to observe the terms of an ordinance seeking, under its general police powers, to impose upon him the duties and ultimate obligation resting by law upon the municipality itself, the property owner can not thus be made to incur the city's liability to third persons as imposed by law. Any duty which might thus be owing by the property owner is to the city, and any breach of such a duty does not constitute negligence per se or negligence as to such third persons. 'Before negligence per se, or any other form of negligence, is actionable in a given case, it must appear that the broken duty was due the plaintiff personally or as a member of a class.' *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159 (2 *b*) (60 S. E. 1068). See 43 C. J. 980, § 1762, § 1876 et seq. Where a legal duty exists in favor of third persons, a city may by ordinance regulate the matter of its performance, as, for example, the speed of trains through the city limits; but where, as here, no duty is owing by abutting property owners to third persons on account of a defective condition of the sidewalk against which the property abuts, unless, of course, the defect be brought about by such owner himself, the city can not by ordinance, under guise of police regulation, impose its own liability upon such property owner or create a liability on his part to third persons on account of acts other than his own. 43 C. J. 1104, § 1867." *Ellis* v. *Southern Grocery Stores,* 46 *Ga. App.* 254 (3) (167 S. E. 324).

4. Under the principles of law above set out, especially as enunciated in the *Ellis* case, and the facts alleged, the defendant's general demurrer to the petition before it was amended was good and should have been sustained had the petition not been amended, as it was contended by the plaintiff in his pleadings that the defendant was liable by reason of having violated the alleged city ordinances, which undertook to make the abutting property owner primarily liable for injuries resulting from a failure to keep the sidewalk in repair. It was not contended that the defendant negligently caused or created the alleged defective condition in the sidewalk, but it was alleged that it negligently permitted the sidewalk to be and remain in a state of disrepair. Under the ruling in the case just referred to, a municipality can not by ordinance evade its liability to third persons in such cases by shifting it di-

rectly upon the owner of abutting property. But after the petition was amended it alleged a violation by the defendant of a duty and obligation placed upon it by an act of the legislature, in that the defendant negligently permitted the sidewalk abutting its property to be and remain in a state of disrepair by allowing the iron lid on the water cut-off box located on the sidewalk to be and remain cracked and broken, thereby causing the alleged injuries to the plaintiff when he stepped upon the broken lid, and that this condition had existed for a period of thirty days before the accident complained of occurred, and that the defendant had knowledge of such condition or in the exercise of ordinary care and diligence could and should have known of such unsafe and dangerous condition of the lid or the cut-off box cover. This was a sufficient allegation under that part of the act set forth above, which provides that "Where such defect remains unrepaired for such a period of time as would make the city liable," to withstand the general demurrer. While the defendant renewed its general demurrer to the petition as amended, this did not reach that feature of the plaintiff's case which alleged a violation by the defendant of a duty placed upon it by a State law in negligently failing to keep its sidewalk in repair. The grounds of the defendant's general demurrer are set out above, and none of these attacks the validity or constitutionality of the act of the legislature set forth in the petition as amended, and the renewal of this demurrer would not so attack this act after the petition was amended. No constitutional question was passed on by the trial judge. The petition as amended set forth a cause of action, and not being challenged by the defendant's demurrer in the respect stated, the court erred in sustaining the general demurrer and in dismissing the plaintiff's petition.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*