35177. NIPPER *et al. v.* COLLINS.

DECIDED OCTOBER 14, 1954.

*Gower & McCormick,* contra.

NICHOLS, J. 1. Special ground 4 of the motion for new trial is abandoned. Special ground 5 complains of the court's charge to the jury of Code § 68-303 (i), requiring an operator of a motor vehicle to reduce speed at intersections. It is contended that this charge was not adjusted to the evidence, in that a finding was demanded that Nipper was moving at the legal rate of 25 miles per hour or less; and also that the charge led the jury to find

that Nipper was negligent if he did not reduce his speed, regardless of the fact that he was already driving within prescribed speed limits. The movants further contend that the charge was so vague and indefinite that the jury could not make a finding of fact based upon it.

There was some evidence that Nipper was proceeding toward the intersection in question at a speed greater than 25 miles per hour. But the requirement of Code § 68-303 (i) is not applicable only to those who are already violating the law by traveling at an excessive speed. Nipper was charged with negligence in failing to reduce the speed of his taxicab upon approaching the intersection in question, and the evidence authorized the jury to find that Nipper's negligence in this respect was a cause of the collision. *Petty* v. *Moore*, 43 *Ga. App.* 629 (159 S. E. 728). This ground of the motion is without merit.

2. The court charged that, if Collins' car entered the intersection before Nipper's taxicab reached the intersection, it would have been Nipper's duty to exercise all due care and caution to avoid hitting Collins. It is contended in ground 6 of the motion that this was an expression of opinion by the court that there had been some proof of the relative time the cars entered the intersection.

Taking this as a contention that there was no evidence as to when the cars entered the intersection, such as would authorize this charge, we find no merit in the contention. The evidence showed that the plaintiff had stopped before entering the intersection, that the defendant Nipper was driving towards the intersection at a speed of at least 20 miles per hour, and that the cars collided near the center of the intersection. From these facts, the jury could have found that Collins entered and was using the intersection before Nipper reached it.

This charge is also contended to have been incorrect as an abstract principle of law in declaring that the person first entering an intersection has the right of way, without regard to the facts that Collins was proceeding past a stop sign into a through street, and entered the intersection at practically the same time as Nipper did.

We note that the charge does not declare that a car first entering an intersection has the right of way, but it is phrased in terms

of the duty incumbent upon all persons to exercise ordinary care under the circumstances to avoid injury to others. It was ruled as follows in *Brown* v. *Sanders*, 44 *Ga. App.* 114 (160 S. E. 542): "Although vehicles traveling along a street which has been designated by law as a traffic boulevard have the right of way over vehicles coming into the boulevard from intersecting streets, this right is not absolute under all circumstances and conditions, but is relative only, and is determinable by the relative positions of the approaching vehicles, their relative speed, and other attending circumstances. A vehicle therefore, when crossing such a traffic boulevard at an intersecting street, may, under some conditions, have the right of way over vehicles approaching on the boulevard, and therefore not be guilty of negligence or of a violation of law, in attempting to cross the boulevard in front of the approaching vehicle, but, in crossing the boulevard, may, when considering the relative positions of both vehicles, their relative speed and other circumstances, be in the exercise of ordinary care and diligence." This principle applies to vehicles moving past a stop sign after a complete stop has been made. *Richardson* v. *Coker*, 78 *Ga. App.* 209 (50 S. E. 2d 781). The charge was a correct statement of law.

3. In special ground 7, error is assigned upon an instruction "that one item of damage that is recoverable on account of injury to the person where there is liability is a reasonable value of the lost earnings due to such injury prior to the date of trial." And in special ground 8, the movants complain that the court erred in charging: "If the jury should find that the plaintiff has suffered injury to his person which will incapacitate him or reduce his earning capacity for a time extending into the future, the jury will determine the diminution of the capacity to earn money, for how long that loss or diminution will continue and the reasonable value of such lost earnings." It is pointed out that there was no evidence that the plaintiff had suffered any loss of earnings, and that this was not an issue in the case.

The evidence showed that the plaintiff lost one day's time from his work on the date of his injury and was not paid for the time lost, but the record is silent as to the amount of the plaintiff's earnings at any time. While proof was made of the plaintiff's impaired capacity or ability to labor as a result of his pain and

suffering, there was no evidence from which the plaintiff's loss of earning capacity could be determined or estimated. The charges complained of were unauthorized by the evidence and were prejudicial to the defendants.

An almost identical charge was held to be reversible error for the same reason in *Railway Express Agency* v. *Mathis*, 83 *Ga. App.* 415 (63 S. E. 2d 921). Also see *Atlanta Coca-Cola Bottling Co.* v. *Deal,* 66 *Ga. App.* 211 (17 S. E. 2d 592); *Berry* v. *Jowers,* 59 *Ga. App.* 24 (200 S. E. 195), and the authorities there cited.

The court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*