40787.   MELAVER et al. v. GARIS.

DECIDED SEPTEMBER 17, 1964.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, III,* for plaintiffs in error.

*Joseph J. Bergen,* contra.

NICHOLS, Presiding Judge. 1. Special ground 1 of the amended motion for new trial complains of the admission into evidence over defendants' objection of a doctor's bill for professional services rendered the plaintiff following the alleged injury sued for. The plaintiff contends that such evidence would focus the attention of the jury upon the dollar mark set forth therein when the suit is based upon pain and suffering only. "It has long been the rule in this State that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Dalton v. Drake,* 75 Ga. 115; *Talbotton Railroad Co. v. Gibson,* 106 Ga. 229, 236 (32 SE 151); *Nugent v. Watkins,* 129 Ga. 382, 385 (58 SE 888); *Crozier v. Goldman,* 153 Ga. 162, 165 (111 SE 666); *Purser v. McNair,* 153 Ga. 405 (112 SE 648); *Central of Georgia R. Co. v. Keating,* 177 Ga. 345, 352 (170 SE 493); *Fitzgerald v. Vaughn,* 189 Ga. 707, 709 (7 SE2d 78)." *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784). "The court admitted the bill complained of and the others for the limited purpose of bearing upon pain and suffering as it considered these bills relevant to show not only the amount of medical expense incurred, but the number and duration of plaintiff's treatments as illustrative of pain allegedly suffered by plaintiff." Such evidence was admissible for such purpose and this ground of the amended motion for new trial is without merit.

2. Special grounds 2, 3 and 4 complain of excerpts from the court's charge which have reference to defendants' liability resulting from constructive knowledge of the defects caused by their vehicles and those of their customers. Under the decision in *Kelisen v. Savannah Theatres,* 61 Ga. App. 100, 104 (5 SE2d 712), such charges were authorized. These special grounds of the amended motion for new trial are without merit.

3. The defendants contend that the verdict for plaintiff was not authorized because the plaintiff failed to carry the burden of proving that the defendants created the condition which caused the plaintiff's injury, and that it was nowhere established that cars parked on that portion of the city sidewalk on which plaintiff fell, and that there was no evidence demonstrating either that the defendants authorized persons to park in any driveway area or that such parking, even if it had been authorized, caused the depression in the city sidewalk which produced the plaintiff's injury. There was evidence that customers' cars usually parked there when trading at defendants' store. There was evidence that such added weight superimposed by the parked cars could have caused the depression in the concrete at the point where plaintiff fell, and under the decision in *Kelisen v. Savannah Theatres,* 61 Ga. App. 100, supra, it is not necessary in the present case to prove that the defendants actually created the defect. See also 88 ALR2d 331, 383. Under all the evidence in this case it was a jury question as to whether the defect had existed for a sufficient length of time to charge the defendants with constructive knowledge.

While the evidence did not demand a verdict for the plaintiff such verdict was authorized, and the trial court did not err in overruling the motion for new trial, as amended, and the motion for judgment non obstante veredicto.

*Judgment affirmed. Hall and Russell, JJ., concur.*