41822.   SOUTHERN RAILWAY COMPANY v. GROGAN.

SUBMITTED FEBRUARY 7, 1966—DECIDED APRIL 5, 1966.

452

*Robinson, Thompson, Buice & Harben, Emory F. Robinson,* for appellant.

*Stewart, Sartain & Carey, Jack M. Carey,* for appellee.

FELTON, Chief Judge. 1. Enumerated errors numbered 1 through 5 assign as error the judgment of the court overruling the general demurrer and special demurrers numbered 2, 3, 4

and 11 to the original petition. "A demurrer to an original petition does not cover it after a material amendment, and if the defendant intends to rely on the demurrer against the petition as amended, he must renew it. *Jackson's Mill &c. Co. v. Holliday,* 108 Ga. App. 663 (1) (134 SE2d 563)." *Purdy v. Norrell,* 111 Ga. App. 546 (1) (142 SE2d 311); *Bruce v. Roberts,* 219 Ga. 394 (133 SE2d 327). "Renewal of demurrers to the original petition must be shown by the record although the trial judge may have considered the amendment in passing on the demurrer. *National Surety Corp. v. Hunt,* 105 Ga. App. 101 (123 SE2d 558) and citations." *South Carolina Ins. Co. v. Glenville Bank,* 111 Ga. App. 174, 176 (141 SE2d 168). The introductory statement of the present appellant's demurrer to the petition as amended is merely as follows: "Comes now Southern Railway Company and this court having sustained certain of defendant's demurrers to plaintiff's petition, and the plaintiff having amended his petition, files this its demurrers to the plaintiff's petition as amended and for grounds says:". This is followed by a renewal of the demurrer to paragraph 18 (c) of the petition as amended. Although the demurrer contains the caption, "Renewal of defendant's demurrers," it fails to state that the original demurrers, or any designated ones of them, were intended to be thereby renewed. The amendment having been a material one, the enumerations of error on the overruling of the original demurrers which were not renewed after the material amendment to the petition present nothing for this court to consider. See *Purdy v. Norrell,* 111 Ga. App. 546 (1), supra.

2. The demurrers to the petition as amended attack the allegation of negligence "in failing to exercise due care in so controlling the movement of said train so as to avoid doing injury to plaintiff's property." In connection with the other allegations of negligence, this allegation was sufficient to show a breach of a common law duty owed to the plaintiff by the defendant, who was in exclusive control of the train, and was not merely a conclusion of the pleader. See *Georgia Northern R. Co. v. Rollins,* 62 Ga. App. 138 (1) (8 SE2d 114); *Southern R. Co. v. Lambert,* 106 Ga. App. 691, 693 (128 SE2d 87). Enumerated errors 6 and 7 are therefore without merit.

3. Error is assigned on the admission in evidence of the question by the plaintiff's counsel, "Do you have as good an automobile now as you had before the wreck?", and the plaintiff's answer in the negative. Immediately prior to this, the plaintiff had testified that, even though his automobile has been repaired, it still seems out of line, doesn't drive perfectly, weaves in the road, wears out the tires and doesn't steer properly, being tight in certain positions. Since the witness gave the facts upon which he based his opinion, the evidence was admissible. See cases annotated under *Code Ann.* § 38-1708, catchwords "Conclusion of witness"; *Farmer v. State,* 94 Ga. App. 475 (1b) (95 SE2d 321) and cit. Enumerated error 8 is without merit.

4. Enumerated error 9 is the giving of the following charge as requested by the plaintiff: "Depreciation, directly flowing from damage to an automobile caused by negligence, is a proper item of damage. If you believe from the evidence that plaintiff is entitled to recover of defendant because of damage to his automobile and because of such damage the automobile was depreciated in market value, then you would be authorized to consider the amount of such depreciation, if any, in arriving at your verdict. This is true even though such damage has been repaired, provided there is residual depreciation because of the damage or repairs." "The measure of damages in an action to recover for injuries to an automobile from a collision is the difference between the value of the automobile before and after the collision, but where the owner has undertaken to make proper and necessary repairs he may establish his loss in respect to the collision by showing the reasonable value of labor and material used for the repairs, *and the value of any permanent impairment after the car was repaired,* provided the aggregate of these amounts, together with hire on the machine while incapable of being used, does not exceed the value of the automobile before injury with interest thereon." *Padgett v. Williams,* 82 Ga. App. 509, 511 (61 SE2d 676) and cit. (Emphasis supplied.) There was evidence in the present case of residual depreciation because of the permanent impairment of the automobile after the repairs were made and, since the total verdict for the plaintiff did not exceed the undisputed value of the automobile before the injury thereto, the above charge was not error.

5. Enumerated error 10 complains of the charge of the court which authorized recovery of a reasonable sum, as shown by the evidence, for the loss of use of the automobile while the repairs were being made. The petition alleged a six-days' loss of use, valued at $60.00. The plaintiff first testified that such time was three weeks, then later on, "ten or fifteen days." On cross examination he admitted that he was just guessing about the ten or fifteen days, stated that it was longer than 3 or 4 days and, when asked whether he knew it was as long as 10 days, he replied, "I think it would be. I'm not positive, but—I don't know. I'm not positive about it." From this testimony and the above charge the jury was faced with the task of arriving at a figure somewhere between a minimum of 5 days ("longer than 3 or 4 days") and a maximum of three weeks. "Where a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished, and will not be placed in the position where their allowance of any sum would be mere guesswork." *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725, 726 (72 SE 191). The *Parmalee* case went on to uphold a verdict in favor of a plaintiff whose sole evidence as to a material length of time was the testimony of a witness who, like the present plaintiff, could only give his estimate in the form of a maximum and minimum. That decision, however, was based on the fact that it there appeared that the amount of the verdict did not exceed the minimum time estimate —the one most unfavorable to the witness. In the present case, however, it is impossible to determine what figure the jury used, since the verdict was in a lump sum and was not broken down into the component items of recovery. Since the petition alleged a six-days' loss of use and prayed for $60 as a reasonable sum and the court charged that a reasonable sum for such loss of use was a legitimate item of damage, however, it will be assumed that the jury did not award the plaintiff more than the $60 sought by the petition for this item. If the minimum authorized by the plaintiff's testimony was $50 (for 5 days), this would not be a large enough difference to require it to be written off the verdict or, in the alternative, to justify the grant of a new trial,

especially in view of his testimony which might support a finding of longer than 5 days. This enumerated error is without merit.

6. Enumerated errors 11 and 12 attack two instructions given in the charge to the effect that if the jury determined from the evidence that the defendant was negligent in one or more of the alleged ways and that such negligence was the proximate cause of the plaintiff's damage, they should then determine the amount of his damages, if any. It is contended that this instruction deprived the defendant of various affirmative defenses it had pleaded. Since the charge required the jury to find the defendant's negligence, if any, to be the proximate cause of the damages, however, it is not subject to this objection.

7. Enumerated error 13 complains of the following instruction given in the charge: "If you believe the plaintiff is entitled to recover in this case, under the rules given you in charge, in determining the amount of damage, if any, you may consider the actual cost to repair the damage if there was damage. However, the court instructs you that the plaintiff would not be limited to the actual cost of repair." The first sentence above was sound law and was supported by the evidence. See *Weathers Bros. &c. Inc. v. Jarrell*, 72 Ga. App. 317 (6) (33 SE2d 805). The second sentence was not an expression of opinion by the court that the plaintiff should not recover less than the actual cost of repair but merely reinforced the proposition that the difference in market values was the measure of damages, even if it be greater than the cost of repairs. This charge was not error.

8. Enumerated error 14 complains of the court's withdrawal from the jury's consideration, upon the plaintiff's objection, of an instruction in the charge given by the court. The instruction conformed to the defendant's written request to charge, which contained a typographical error ("plaintiff" instead of "defendant" in one instance). The court did not err in withdrawing this charge for the reason that in the exact words of the request it was not perfect. See *Archer Plumbing &c. Co. v. Dodys*, 112 Ga. App. 355, 358 (145 SE2d 277) and cit. Any correction of the written request to charge should likewise have been in writing. This enumerated error is without merit.

9. Enumerated error 15 complains of the court's refusal to give the following written request to charge: "Gentlemen, you are to perform your duty in the trial of this case without bias or prejudice to any party. . The law does not permit jurors to be governed by prejudice or public opinion. The parties of the court and the public expect that you will carefully and impartially consider all the evidence, follow the law as stated by the court, and reach a just verdict. Therefore, this case should be considered and decided by you as an action between persons of equal standing in the community and of equal worth, and holding the same or similar positions in life. The law is no respecter of persons. All persons stand equal before the law and are to be dealt with as equals in a court of justice. A corporation is entitled under the law to the same fair treatment at your hands as a private individual."

"Cautionary instructions are not favored since in most instances they are productive of confusion and tend to restrict the jury's untrammeled consideration of the case. There are instances in which charges of that nature are approved. [Cases cited]." *Butler v. Kane,* 96 Ga. App. 521, 525 (100 SE2d 598). Where there is nothing either in the record or in the evidence or argument before the court that necessitates such instructions they are not appropriate. *Butler v. Kane,* supra. Even assuming that such instructions were justified in the present case, however, no harmful error arising out of prejudice is shown to have resulted from the refusal to so charge; the verdict for the plaintiff was in the amount of only $891, whereas the petition prayed for $1,260. It should be here noted that the basis of the former rule, as enunciated in several cases, *Vaughan v. Vaughan,* 212 Ga. 485 (1) (93 SE2d 743), for example—to the effect that a pertinent request to charge must be given in the exact language requested notwithstanding that the trial judge had already charged substantially on the issue elsewhere—has been removed by the repeal and re-enactment of *Code Ann.* § 70-207 (Ga. L. 1853-54, p. 46; Ga. L. 1878-79, p. 150; Ga. L. 1937, p. 592) by Ga. L. 1965, pp. 18, 31 (*Code Ann.* § 70-207, Appellate Practice Act of 1965, §§ 21 (p), 17). See E. Freeman Leverett, "The Appellate Procedure Act of 1965," 1 Ga. State

Bar J. 4 (May, 1965), pp. 451, 485. This enumerated error is without merit.

10. Enumerated errors 16, 17 and 18 complain of the failure of the court to give written requests to charge, which contained statements to the effect that the plaintiff could recover if, by the exercise of ordinary care, he could not have avoided the consequences of the defendant's negligence, if any. Since the pleadings and the evidence show that the plaintiff was not only not driving the automobile but also not even riding therein at that time, such requests were not adjusted to the pleadings or the evidence and were therefore properly refused.

11. Enumerated error 19 complains of the court's failure to give a written requested charge. The request contains an instruction to consider certain principles of law "just stated," which principles were contained in the request which was the subject of enumerated error 18 and which was properly not given.

12. Enumerated error 20 complains of the court's failure to instruct the jury on the affirmative defenses of the defendant set forth in paragraphs 19 through 25 of defendant's answer and plea. *Code Ann.* § 70-207(a) (Ga. L. 1965, pp. 18, 31 § 17 (a)) provides, in part, as follows: "Except as otherwise provided in this section, in civil cases no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Appellant concedes that no formal exception hereto was made, but relies on the provisions of *Code Ann.* § 70-207(c) (Ga. L. 1965, pp. 18, 31, § 17(c)): "Notwithstanding any other provisions of this section, the appellate courts shall consider and review erroneous charges where there has been a *substantial error* in the charge which was *harmful as a matter of law,* regardless of whether objection was made hereunder or not." (Emphasis supplied.) The defendant pleaded in its answer the following affirmative defenses: (1) The sole proximate cause was the negligence of plaintiff's driver; (2) By the exercise of ordinary care the driver of the automobile could have avoided the collision; (3) The driver failed to exercise ordinary care for the safety of the vehicle; that she was negli-

gent in five particulars; that her negligence was the proximate cause of the collision. The court, after referring the jury to the defendant's answer, proceeded to state fully its contentions and then instructed the jury in its charge on the principles of law relied upon as defenses by the defendant. There was, therefore, no "substantial error" in the court's failure to charge the defendant's contentions verbatim and certainly it was not "harmful as a matter of law." This is supported by the fact that the verdict was for considerably less than the amount prayed for.

No reversible error is shown by the appeal; therefore the court did not err in rendering the judgment on the verdict in favor of the plaintiff-appellee.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*