41988.   JUSTICE v. BASS et al.

ARGUED MAY 4, 1966—DECIDED SEPTEMBER 14, 1966—
REHEARING DENIED SEPTEMBER 28, 1966—

*Perry, Walters, Langstaff & Lippitt, R. Edgar Campbell, Robert B. Langstaff,* for appellant.

*Wright & Reddick, Graydon D. Reddick,* for appellees.

BELL, Presiding Judge. 1. In a negligence action the plaintiff's right of recovery is confined to proof of the specific acts of negligence charged in the petition. *Livsey v. Georgia R. &c. Co.,* 19 Ga. App. 687, 690 (91 SE 1074); *Jackson v. Ely,* 56 Ga. App. 763 (2) (194 SE 40); *Wills v. Emory University,* 94 Ga. App. 734 (2) (96 SE2d 220), and citations. Thus, whether the plaintiff is entitled to prevail here depends upon whether the evidence and inferences therefrom most favorable to plaintiff would authorize a finding for plaintiff on any one or more of the particulars alleged as constituting negligence per se.

The speed restrictions in force on the date of the collision are

to be found in Section 48 of Ga. L. 1953, pp. 556, 577. (Since that time this section has been amended by Ga. L. 1963, p. 26; Ga. L. 1964, p. 294; Ga. L. 1965, p. 322; *Code Ann.* § 68-1626.) Material portions of Section 48 are as follows: "[a] In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care . . . [b] Any speed in excess of the limits specified in this section or established as hereinafter authorized shall be unlawful . . . 1. 35 miles per hour maximum in any business or residents district . . . ▪ Where the total gross combined weight of trucks or truck-tractors and trailers and load exceeds 16,000 pounds, the maximum speed shall not exceed 45 miles per hour . . . [c] The driver of every vehicle shall . . . drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest . . ."

Uncontradicted evidence showed that defendant was driving not in excess of 35 miles per hour and therefore was not guilty of negligence per se in violating Subsection (b) of Section 48 of the Act. Subsection (a) of the Act does not place an absolute duty on any driver to avoid a collision. *Flanagan v. Reville,* 107 Ga. App. 382 (2) (130 SE2d 258). Where the evidence conclusively showed that the vehicle in which plaintiff was a passenger was not "on or entering the highway in compliance with legal requirements and the duty of all persons to use due care," defendant was not in violation of Subsection (a) of Section 48 of the Act in failing to control the speed of his vehicle so as to avoid collision with the other vehicle. The evidence would not have authorized a finding in plaintiff's favor with respect to specifications of negligence (c) and (d) as alleged.

2. Although the evidence showed that defendant was not traveling at a speed excessive under the provisions of Subsection (b) of Section 48 of the Act, nevertheless the requirement of Subsection (c) is not applicable only to those who are already violating the law by traveling at an excessive speed. *Nipper v. Collins,* 90 Ga. App. 827, 828 (84 SE2d 497). "The

only reasonable construction to be applied to Subsection (c) . . . . is that a driver must reduce the speed of his vehicle in approaching an intersection so as to bring its immediate control within his power and render it safe to go into the intersection at the reduced rate of speed. If a driver approaches an intersection at a very low and lawful rate of speed it is a question for the jury as to whether in order to comply with Subsection (c) . . . he need further reduce the speed of his vehicle." *Hardwick v. Georgia Power Co.*, 100 Ga. App. 38, 43 (110 SE2d 24).

A driver having the right of way at an intersection has the right to assume and to act on the assumption that drivers of vehicles approaching the thoroughfare on which he is traveling will yield the right of way, and he has the right to proceed at a reasonable speed even though he sees another vehicle approaching. *Moffit v. Dean*, 84 Ga. App. 109 (65 SE2d 637); *Sitton v. Camp*, 91 Ga. App. 870, 872 (87 SE2d 430); *Central Container Corp. v. Westbrook*, 105 Ga. App. 855, 862 (126 SE2d 264). However, it is the duty of the driver having the right of way "to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movement of his car to avoid a collision after he sees or by ordinary diligence could have seen that one is threatened or imminent." *Eddleman v. Askew*, 50 Ga. App. 540 (3) (179 SE 247); *Powers v. Pate*, 107 Ga. App. 25, 28 (129 SE2d 193); *Lusk v. Smith*, 110 Ga. App. 36, 40 (137 SE2d 734). " 'The right to assume' and the 'duty to anticipate' depend upon whether the circumstances are sufficient to warn one driver that another may fail to obey the law, which is a question for the jury." *Bennett v. George*, 105 Ga. App. 527, 530 (125 SE2d 122); *Hennemier v. Morris*, 48 Ga. App. 840 (1) (173 SE 924).

Defendant saw the headlights of the Hobbs vehicle "coming across this way pretty fast." At that time Hobbs was approaching the intersection at an excessive rate of speed. The evidence shows also that Hobbs was sounding the horn of his vehicle continuously. These circumstances were sufficient to authorize a finding that defendant was negligent in failing further to reduce his speed in order to comply with the statutory requirements.

In addition, there are other circumstances to support specifications of negligence (a) and (b): The extremely heavy weight of defendant's vehicle and cargo (23 tons); the limitation of visibility around the curve from Pecan Street (90 to 100 yards); the fact that the neighborhood was residential in character, though this fact was not sufficiently proved to define the maximum speed limit as 35 miles per hour; the fact that there were streets intersecting Highway 280 all along the area in which defendant was traveling; the fact that it was nighttime.

"Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed." *Shockey v. Baker*, 212 Ga. 106, 110 (90 SE2d 654).

The trial court did not err in denying defendant's motion for judgment notwithstanding the mistrial.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*