42246.   HARDWICK v. PRICE.

Argued September 8, 1966—Decided December 16, 1966—

Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David A. Handley, for appellant.

J. R. Cullens, for appellee.

Felton, Chief Judge. ■ At the close of the plaintiff's evidence, the defendant moved to exclude the medical testimony to the effect that the plaintiff had a "retroverted uterus," which "could" or "might" have been caused by the accident in question, which evidence had been admitted by the court subject to subsequent evidence to establish its relevancy.

Evidence which, in connection with other evidence, tends, however slightly, to prove, explain, or illustrate a fact, even though it is not sufficient, standing alone, to sustain a finding of such fact, is relevant, has probative value and is admissible as against objection as to its relevancy and probative value; doubt as to the latter should be resolved in favor of admission and against exclusion, sufficiency not being a test or condition of admissibility. Anno. 66 ALR2d 1082, 1118; *Georgia Savings Bank &c. Co. v. Marshall*, 207 Ga. 314 (1) (61 SE2d 469); *Fuller v. State*, 196 Ga. 237 (2) (26 SE2d 281); *Livingston v. Barnett*, 193 Ga. 640 (3a) (19 SE2d 385); *Nugent v. Watkins*, 129 Ga. 382 (2) (58 SE 888); *Stone v. State*, 118 Ga. 705 (7) (45 SE 630, 98 ASR 145); *Shelnutt v. Phillips*, 113 Ga. App.

321 (1) (147 SE2d 803); *Melaver v. Garis,* 110 Ga. App. 267, 268 (138 SE2d 435); *Williams v. Young,* 105 Ga. App. 391 (1) (124 SE2d 795); *Curtis v. State,* 102 Ga. App. 790, 795 (118 SE2d 264); *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601, 609 (7) (106 SE2d 535); *Thomas v. State,* 95 Ga. App. 699 (9) (99 SE2d 242); *Garner v. State,* 83 Ga. App. 178 (3) (63 SE2d 225); *Continental Trust Co. v. Bank of Harrison,* 36 Ga. App. 149, 150 (5) (136 SE 319).

Evidence was introduced to the following effect: That plaintiff occupied a vehicle which, while traveling at approximately 15 miles per hour, collided with the defendant's vehicle with an impact sufficient to damage substantially the right front end of plaintiff's vehicle and throw the plaintiff forward and sideways against the interior of her vehicle, causing bruises of her arm, shoulder and side; that she was, at the time of the collision, approximately 4 weeks pregnant; that she felt an immediate "slight stinging sensation" in some undisclosed portion of her body; that she experienced pain in the lower portion of her "stomach" and regular "spotting" or bleeding, beginning about 2 weeks after the collision and continuing for 3 to 4 weeks; and that the plaintiff had had normal sexual relations with her husband prior to the collision, but that, following the "stinging sensation" she experienced during the collision, she began to experience such extreme pain during intercourse that she lost the ability and desire to have sexual relations, which was the primary cause, in her opinion, of her eventual separation and divorce. Dr. Worthy testified that, as of the time of his examination of the plaintiff, which was three years after the collision and the day before the trial, the plaintiff had a retroverted uterus, which resulted in a very tender pelvis and that dispareunia, or painful intercourse, is a common consequence of a retroverted uterus.

The foregoing evidence was sufficient—in connection with Dr. Worthy's testimony as to his opinion that the described condition could have been caused by the collision—to justify the submission of the case to the jury. Therefore, although the complained-of testimony alone would not have been admissible for lack of relevancy and probative value, it became admissible

when supplemented by the subsequent evidence of the plaintiff's onset of the described symptoms immediately following the collision. See 135 ALR 516, 532; 2 ALR3d 384, 387; *Lockheed Aircraft Corp. v. Marks,* 88 Ga. App. 167 (76 SE2d 507); *Fireman's Fund Indem. Co. v. Moody,* 100 Ga. App. 690 (112 SE2d 202). The court did not err in its judgment refusing to exclude the subject testimony.

■ The court did not err in allowing plaintiff's counsel, over defendant's objection, to make the following closing argument to the jury with respect to the measure of damages for pain and suffering: "I am going to conclude now and I want to say this to you, and listen to me closely; would it be fair to say that it is worth a dime an hour, the price of a measly bottle of Coca-Cola, for this child, would it be worth that to go through what she has gone through, from now to the end of her allotted time on this earth that God Almighty gives us? At ten cents an hour, that is $2.40 a day, there are 365 days in a year. . ."

Although a witness may not express his opinion as to the monetary value of damages for pain and suffering, it is not improper for counsel to argue to the jury the per diem, monthly or yearly value of the plaintiff's pain and suffering provided such argument is within the bounds of reasonable deduction from the evidence in the case. *Code Ann.* § 81-1015 provides: "In the trial of a civil suit for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury: Provided, however, that any such argument shall conform to the evidence or reasonable deductions from the evidence in said case." As was said in Beagle v. Vasold, 53 Cal. Rptr. 129 (3) (417 P2d 673): "It is undeniable that the argument of counsel does not constitute evidence. However, it does not follow, . . . that the suggestion of a sum for damages can have no foundation in the evidence. Indeed it is necessarily inferred from observation of the plaintiff in the courtroom and from expert testimony regarding the nature of his injuries and their consequences. If the jury must infer from what it sees and hears at the trial that a certain amount of money is warranted as compensation for the plain-

tiff's pain and suffering, there is no justification for prohibiting counsel from making a similar deduction in argument. An attorney is permitted to discuss all reasonable inferences from the evidence. Four-County Electric Power Assn. v. Clardy, 221 Miss. 403 (73 S2d 144, 151-152, 44 ALR2d 1191; J. D. Wright & Son Truck Line v. Chandler (Tex. Civ. App.) 231 SW2d 789 (1950). It would be paradoxical to hold that damages in totality are inferable from the evidence but that when this sum is divided into segments representing days, months or years, the inference vanishes. Thus, an attorney who suggests that his client's damages for pain and suffering be calculated on a 'per diem' basis is not presenting evidence to the jury but is merely drawing an inference from the evidence given at the trial. Of course, the trial court has the power and duty to contain argument within legitimate bounds and it may prevent the attorney from drawing inferences not warranted by the evidence. For example, counsel should not be permitted to argue future damages for pain and suffering on a 'per diem' basis where the evidence would not justify an inference that the plaintiff will suffer pain in the future." Thus, plaintiff's closing argument to the jury suggesting that the hourly worth of the plaintiff's pain and suffering should be as much as the price of a measly bottle of Coca-Cola was not, under the facts of this case, an unreasonable deduction from the evidence, and the court did not err in overruling the defendant's motion for a mistrial because of such argument. See also Baron Tube Co. v. Transport Ins. Co., 365 F2d 858 (5th Cir.), reversing 1965 case to the contrary.

■ The failure of the trial judge to give the requested charge in the exact language requested, where the charge substantially covered the same principle, is no longer a ground for a new trial since the repeal and re-enactment of *Code Ann.* § 70-207 (Ga. L. 1853-54, p. 46; Ga. L. 1878-79, p. 150; Ga. L. 1937, p. 592) by Ga. L. 1965, pp. 18, 31 (*Code Ann.* § 70-207; Appellate Practice Act of 1965, §§ 21 (p), 17). See *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 162 (9), 164 (n.2) (141 SE2d 189); *Southern R. Co. v. Grogan*, 113 Ga. App. 451, 457 (9) (148 SE2d 439). Even if the objection was valid, it does not appear

822

that it was made prior to the verdict. *Code Ann.* § 70-207 (a); *Housing Authority of City of Decatur v. Schroeder,* 113 Ga. App. 432 (2) (148 SE2d 188).

■ The verdict of $7,500 was not excessive in view of the evidence that plaintiff's injuries were painful and permanent and had resulted in divorce from her husband. This special ground was properly overruled.

■ The general grounds, not argued, are considered as abandoned.

The court did not err in its judgment overruling the motion for new trial as amended.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*