### 46064.  CURREY v. CLAXTON et al.

EVANS, Judge. Cecil R. Claxton sued Rodney J. Currey, a minor, and George W. Currey, his father, for certain injuries and damages to the plaintiff arising out of a collision between automobiles operated by the plaintiff and the defendant, Rodney J. Currey. The case proceeded to trial before a jury, which returned a verdict in favor of the plaintiff against the defendant, Rodney J. Currey. The defendant filed a motion for new trial which was amended to add additional assignments of error and same was heard and denied. The defendant appeals from the judgment entered against him, and from the order of the court overruling and denying his motion for new trial as amended on each and every ground thereof.

Error is enumerated as to the following: (1) The court committed reversible error in refusing to charge four timely written requests; (2) The court erred in refusing to instruct the jury to disregard specified portions of the complaint wherein it was al-

leged that certain turning movements and signals as required by law were not given, in that there was no evidence submitted to substantiate this alleged violation of the law; and (3) The evidence was insufficient to support the verdict. *Held:*

1. The driver of an automobile having the right of way at an intersection ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching on his left will yield the right of way and exercise the ordinary care required of them. But even if the driver approaching on the left is guilty of negligence per se or has otherwise failed to exercise ordinary care in approaching the intersection, this will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. It is his duty to exercise ordinary care, to remain alert in observing the vehicles approaching the crossing, and to exercise ordinary care in the control, speed and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent. See *Eddleman v. Askew,* 50 Ga. App. 540 (3) (179 SE 247); *Laseter v. Clark,* 54 Ga. App. 669 (3) (189 SE 265). The plaintiff testified that he was driving 20 or 25 miles per hour following another car about 100 yards from the intersection, and he continued across the intersection when the defendant pulled out in front of him into his lane where the collision occurred. On cross examination he testified that he continued at the same speed from 100 yards or more away from the light until the time of the impact; that he did not slow up and did not speed up. Based upon this evidence, the defendant submitted several written requests to charge as to the diligence of the plaintiff and the general speed restrictions statute in Georgia, as provided by *Code Ann.* § 68-1626 (a, c) (Ga. L. 1953, Nov. Sess., pp. 556, 577; 1959, p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, p. 987; 1968, p. 1158; 1968, pp. 1427, 1428, 1429).

(a) Subsections (a) and (c) of the above statute require that "no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then ex-

isting," and "the driver of every vehicle shall, consistent with the requirements of subsection (a) [above], drive at an appropriate reduced speed when approaching and crossing an intersection. . ." In *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38, 43 (110 SE2d 24) it was held that: "The only reasonable construction to be applied . . . [to Subsection (c) of the speed restrictions statute] is that a driver must reduce the speed of his vehicle in approaching an intersection so as to bring its immediate control within his power and render it safe to go into the intersection at the reduced rate of speed. *If a driver approaches an intersection at a very low and lawful rate of speed it is a question for the jury as to whether in order to comply with Subsection (c) of the Code section he need further reduce the speed of his vehicle. . ."* (Emphasis supplied.) See also *Justice v. Bass,* 114 Ga. App. 353, 356 (151 SE2d 511); *Wells v. Alderman,* 117 Ga. App. 724, 731 (162 SE2d 18). Subsection (c) is not only applicable to those who are already violating the law by traveling at an excessive speed, but applies to any operator approaching an intersection. *Justice v. Bass,* supra; *Nipper v. Collins,* 90 Ga. App. 827, 828 (84 SE2d 497). The defendant testified he made the left turn after passing the center line and was immediately hit by the plaintiff. Thus, just as stated in the *Collins* case, the jury could have found that the defendant had entered and was using the intersection before the plaintiff reached it. The jury had a right to consider the evidence under an appropriate charge by the court. While there was no contention in the defendant's pleadings that the plaintiff was violating any traffic regulations, yet he made the above written requests to charge based upon the evidence shown above, and it was incumbent upon the trial court to charge these requests as made unless covered substantially elsewhere in the charge. See *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439); *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905). The substance thereof was contained nowhere else in the charge of the court in this case. The second and third enumerations of error complaining of the refusal of the court to charge Subsections (a) and (c) of the speed restrictions statute are meritorious.

(b) In addition, defendant requested the court to charge that where the operator of a motor vehicle is himself violating a law regulating traffic, it is incumbent upon him to guard, not only against negligence on the part of operators of other vehicles on the road, but also against the danger of such other operator being negligent, which he might not discover until too late for him to avoid. While the court did generally charge on comparative and contributory negligence as to the diligence required of the plaintiff by *Code* § 105-603, under the facts of this case, we think it was incumbent upon the court also to give this written request to charge. The first enumeration of error is likewise meritorious.

(c) The fourth enumeration of error is also meritorious. It complains that the court erred in refusing to give a written request, in substance, that even though the defendant may be negligent as charged, the plaintiff cannot recover as a matter of law, if he could have avoided the consequences thereof by the exercise of ordinary care and diligence. See *Code* § 105-603; *Western & A. R. Co. v. Ferguson*, 113 Ga. 708 (39 SE 306, 54 LRA 802); *Lawrence v. Hayes*, 92 Ga. App. 778 (90 SE2d 102). The court should have given this request to charge since there was evidence from which the jury could have inferred that the negligence of the defendant was apparent to the plaintiff, or should have been reasonably anticipated by him in approaching the intersection.

2. In enumeration of error No. 5, complaint is made because the court failed to charge the jury to disregard certain allegations in plaintiff's pleadings, upon the oral request of defendant's counsel, wherein he contended same were not supported by evidence. We find no error here.

3. The evidence here was sufficient to support the verdict, and we find no error in the complaint that the court erred in overruling the general grounds of the motion for new trial.

4. For the reasons stated in Division 1 above, a new trial of this case will be necessary.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MARCH 3, 1971—DECIDED APRIL 6, 1971—

REHEARING DENIED APRIL 22, 1971.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.
*Mullis, Brown & Reynolds, Gerald S. Mullis, S. Philip Brown,* for appellee.