## 47782, 47783. GOBER v. ATLANTA BAKING COMPANY (two cases).

PANNELL, Judge. These appeals are from orders of the trial court denying motions for plaintiff-appellants' new trials in a civil tort case arising out of a collision involving defendant appellee's bus and an automobile driven by plaintiff Carliena Gober, the wife of C. J. Gober. The jury returned a verdict in favor of the defendant in both cases. Both cases enumerate common allegations of error on the part of the trial court in denying the motions for new trial, failure to give requested instructions and deficiency in defining

evidence for the jury.

The evidence is in conflict. Mrs. Gober testified that before she entered the through street where the collision occurred, she was stopped, "waited until it was clear," signaled a left turn with her blinker signal, looked "in all directions, and made sure I felt I had plenty of time. I saw the bread truck, it was up, which I felt was plenty of distance. [about 350 feet] I feel I have plenty of time." Another vehicle entering the through street from the opposite direction blocked her lane and she was stopped in the intersection, the truck did not stop and "it just ran right into me." "He didn't even slow down." Defendant's driver testified that Mrs. Gober's vehicle was moving at the time of the collision. "I slowed down for the intersection, saw her sitting there and it appeared that she was not going to move and there would be no complication and that's when I reaccelerated. When I got within one truck length she jumped out in front of me and got four feet into the intersection. I got on brakes. Didn't brake all that much, but stopped as soon as I could."

1. Georgia law provides that no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazard then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. Ga. L. 1953, Nov. Sess., pp. 556, 577, as amended (Code Ann. § 68-1626 (a)).

Resolution of conflicts in testimony is the sole province of the jury. Under the evidence in this case, a substantial and vital issue was raised as to whether the defendant was driving his vehicle at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards existing at the time and place of the collision. "The court's charge to the jury must present the law

governing the substantial and controlling issues made by the pleading and the evidence, even without request." *Rice v. Harris,* 52 Ga. App. 42 (3) (182 SE 404); *Carter v. Hutchinson,* 106 Ga. App. 68, 72 (126 SE2d 458), and cits.

In *Central Railroad v. Harris,* 76 Ga. 501, 511 the Supreme Court held: "[F]rom an early date this court has uniformly held that the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or attention be called to it or not; otherwise the verdict will be set aside."

The court erred in refusing plaintiff's request to instruct on the provisions of Code Ann. § 68-1626 (a).

2. Closely related to the issues considered in Division 1, supra, is denial of plaintiff's request to instruct on negligence in failing to exercise ordinary care in controlling the speed of the bread truck. Subsection (c) of Code Ann. § 68-1626 requires that "the driver of every vehicle shall, consistent with the requirements of Subsection (a) [above], drive at an appropriate reduced speed when approaching and crossing an intersection." "In *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38, 43 (110 SE2d 24) it was held that: 'The only reasonable construction to be applied. . . [to Subsection (c) of the speed restrictions statute] is that a driver must reduce the speed of his vehicle in approaching an intersection so as to bring its immediate control within his power and render it safe to go into the intersection at a reduced rate of speed. *If a driver approaches an intersection at a very low and lawful rate of speed it is a question for the jury as to whether in order to comply with Subsection (c) of the Code Section he need further reduce the speed of his vehicle. . .'*(Emphasis supplied.)" *Currey v. Claxton,* 123 Ga. App. 681, 683 (182 SE2d 136). Subsection (c) is not only applicable to those who are already violating the law by traveling at an excessive speed, but applies to any operator approaching an intersection. *Currey v. Claxton,* 123 Ga. App. 681,

supra; *Justice v. Bass,* 114 Ga. App. 353 (151 SE2d 511); *Nipper v. Collins,* 90 Ga. App. 827, 828 (84 SE2d 497). In the case sub judice the jury could have found that the plaintiff had entered and was using the intersection before the defendant's truck reached it. The jury had a right to consider the evidence under an appropriate charge by the court. The evidence raised the issue and it was incumbent upon the trial court to charge the request unless covered substantially elsewhere in the charge. *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439); *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905); *Currey v. Claxton,* 123 Ga. App. 681, 683, supra. Although the court read Code Ann. § 68-1626 (c), supra, to the jury, his instruction was not adequate to provide guidance to the jury, especially in the absence of instruction on Code Ann. § 68-1626 (a) (Division 1).

3. Although requested to do so, the court refused to give plaintiff's instruction on the provisions of Ga. L. 1953, Nov. Sess., pp. 556, 590 (Code Ann. § 68-1652 (a)) providing that a driver having yielded to a through highway "may proceed and the driver of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so-proceeding into or across the through highway." When it is raised by the evidence the plaintiff was entitled to have the jury instructed that after having stopped at the stop sign and yielded (as shown by her testimony) there was the duty on all other vehicles approaching the intersection not so close as to constitute an immediate hazard (her testimony would have authorized a finding that the other vehicle involved was not so close) to yield the right-of-way to the plaintiff when she proceeded into the intersection. *Bowens v. State,* 116 Ga. App. 577 (1) (158 SE2d 420); Swift & Company v. Phelps, 273 F2d 551. The trial court read Code Ann. § 68-1652 (a) to the jury verbatim.

The instruction is entirely adequate in this case and the trial court did not err in refusing to give requested Instruction 7.

4. The jury requested the court to "make a statement concerning what should be included as evidence." The court responded that "Evidence is the documentary evidence you have in the case and the evidence that has been presented from the witness stand. The argument of the lawyers is not evidence. The statements made in the beginning of the case are not evidence. The evidence is the evidence you have heard on the witness stand and the documentary evidence you have in the jury room; nothing more." Plaintiffs requested the court "to tell them the documentary evidence is pictures and exhibits both of the plaintiff and the defendant that were out in the jury room," and allege error in the court's refusal to do so. As we read the case the request was "what should be included as evidence" while plaintiffs' request was to give examples of "documentary." The instructions could have been more specific; however, jurors are composed of upright and intelligent citizens, and we believe that in the instant case the jury would have construed "the documentary evidence you have in the jury room" to include the pictures and exhibits. We note the jury asked no further clarification on this point, although they did ask about the credibility of witnesses. Therefore, we conclude that reversible error was not committed by the court for the reason stated in the fourth special ground of the motion for a new trial.

*Judgment reversed. Stolz, J., concurs. Eberhardt, P. J., concurs specially.*

ARGUED JANUARY 11, 1973 — DECIDED APRIL 3, 1973.

*Neely, Freeman & Hawkins, Paul M. Hawkins,* for appellants.

*Nall, Miller & Cadenhead, James C. Goulden, Jr.,* for appellee.

EBERHARDT, Presiding Judge, concurring specially. I concur in the judgment of reversal.

1. I agree that it was error to refuse the plaintiff's request to instruct on the provisions of Code Ann. § 68-1626 (a). The evidence was skimpy, but sufficient to make the request pertinent and proper. Without the request I would find no error as to the failure to charge this portion of the statute.

2. If, on a new trial, the court is to charge relative to Code Ann. § 68-1626 (c), the facts here would make it proper, if not a requisite, that in that connection the charge also include an instruction in line with our holding in *Wells v. Alderman,* 117 Ga. App. 724, 730 (162 SE2d 18), particularly referring to the last paragraph of Division 3 of that opinion.

In all other respects I am in full agreement with the majority opinion.