54951. HARRIS v. WHITE et al.

SMITH, Judge.

There being no merit to appellant's contention that the court improperly charged the jury, we affirm.

Appellant brought this action for the wrongful death of her husband, his death having resulted, in an intersection, from the collision of his automobile with appellees' truck. The only evidence as to the appellee driver's approach to the intersection was his testimony that he was proceeding with his foot on the brake and at a speed of "eighteen to twenty miles an hour."

Undisputedly, the weather was fair and visibility was good. The evidence was inconclusive as to which driver had the green light on entering the intersection. The appellee driver testified that the light facing him was green when he entered the intersection from the south and that he did not see the decedent's car, which entered the intersection from the west, until impact.

1. The court adequately charged on the law of circumstantial evidence.

2. The court exhaustively charged on the principle of law that the appellee driver had the duty to exercise reasonable care, "that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances," and did not err, under the facts of this case, in refusing appellant's requests to charge Ga. L. 1953, Nov. Sess., pp. 556, 557, as amended (Code Ann. § 68-1626(a) and (c)). (Appellant did not request the court to charge that portion of subsection (c) mandating that a driver shall "drive at an appropriate reduced speed when approaching and crossing an intersection.") This case is distinguishable from *Gober v. Atlanta Baking Co.*, 128 Ga. App. 679 (197 SE2d 769) (1973), where the trial court erroneously denied appellant's similar requests to charge, in that there "*a substantial and vital issue* was raised as to whether the defendant was driving his vehicle at a speed greater than was reasonable and prudent under the conditions and without regard to the actual and potential hazards existing at the time and place of the collision." (Emphasis supplied.) Id., p. 680. We agree with appellant's assessment, in her brief, that the issue as to which driver ignored a red light "necessarily formed the primary issue on liability." The "substantial and vital issue" which existed in *Gober* was absent here, and the charge given was appropriate and applicable to the facts.

3. The court did not err in failing to give appellant's requested charge that "where a loss of memory attributable to an accident renders the survivor incapable of testifying, it is presumed, in the absence of evidence to the contrary, that he excercised due care." *Carlton Co. v. Poss,* 124 Ga. App. 154, 155 (183 SE2d 231) (1971). Assuming for the sake of argument that that charge would otherwise have been proper, here there was

evidence that the decedent had negligently ignored a red light and thereby caused the accident. Therefore, because of its inapplicability to the facts, that request to charge was properly refused.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED FEBRUARY 15, 1978 — REHEARING DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Daniel C. B. Levy,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Harold A. Horne, Jr., Williston C. White,* for appellees.